ROSENBERG et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.
June 7, 1926.)

No. 4824.

**1. Criminal law ☞1177.**

Sentence in excess of that which might be imposed under first count of indictment containing two counts *held* not prejudicial, where second count authorizing such sentence was good, and was supported by sufficient evidence.

**2. Poisons ☞9——Indictment charging receiving, concealing, buying, selling, and facilitating transportation, and concealment after importation, of derivative of opium held sufficient (Act Feb. 9, 1909 [35 Stat. 614], as amended Jan. 17, 1914 [38 Stat. 275], as amended May 26, 1922 [42 Stat. 596]).**

Indictment for receiving, concealing, buying, selling, and facilitating transportation, and concealment after importation, of derivative of opium, in violation of Act Feb. 9, 1909, as amended Jan. 17, 1914, as amended May 26, 1922, *held* sufficient.

**3. Criminal law ☞393(1)—Provision of Narcotic Drugs Import and Export Act that possession of drug shall be deemed sufficient evidence to authorize conviction, unless satisfactorily explained, held not unconstitutional, as requiring accused to be witness against himself (Narcotic Drugs Import and Export Act, § 2, subds. [c] and [f], being 42 Stat. 596).**

Narcotic Drugs Import and Export Act, § 2, subd. (f), providing that possession of narcotic drug shall be deemed sufficient evidence to authorize conviction under subdivision (c), relative to wrongful importation and handling of drug wrongfully imported, unless satisfactorily explained, *held* not unconstitutional, as requiring defendant to be witness against himself.

**4. Poisons ☞9—Evidence held sufficient to support conviction of unlawful purchase and disposition of morphine, and handling drug illegally imported (Act Dec. 17, 1914 [38 Stat. 785], as amended Feb. 24, 1919 [40 Stat. 1057]; Act Feb. 9, 1909 [35 Stat. 614], as amended Jan. 17 1914 (38 Stat. 275], as amended May 26, 1922 [42 Stat. 596]).**

Evidence *held* sufficient to support conviction for purchase, sale, and distribution of morphine in violation of Act Dec. 17, 1914, as amended Feb. 24, 1919, and for receiving, concealing, buying, selling, and facilitating transportation after importation, of derivative of opium, in violation of Act Feb. 9, 1909, as amended Jan. 17, 1914, as amended May 26, 1922.

**5. Criminal law ☞564(1)—Venue held sufficiently proved to warrant conviction for receiving, concealing, etc. narcotics (Act Feb. 9, 1909 [35 Stat. 614] as amended by Act Jan. 17, 1914 [38 Stat. 275], and Act May 26, 1922 [42 Stat. 596]).**

Evidence of possession of narcotics at place and on date alleged in indictment, when not satisfactorily explained, *held* sufficient proof of venue to warrant conviction for receiving, concealing, etc., in violation of Act Feb. 9, 1909,

13 F.(2d)—24

as amended by Act Jan. 17, 1914, and Act May 26, 1922.

In Error to the District Court of the United States for the Northern District of California; John S. Partridge, Judge.

Samuel Rosenberg and another were convicted of purchase, sale, and distribution of morphine, and of receiving, concealing, buying, selling, and facilitating transportation, and concealment after importation, of certain derivative of opium, and they bring error. Affirmed.

William F. Herron, of San Francisco, Cal., for plaintiffs in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Defendants were convicted under two counts of an indictment which charged, in count 1, that "on or about November 3, 1925, in the city and county of San Francisco, in the Northern district of California, they did * * * violate a requirement of the Act of December 17, 1914, as amended February 24, 1919 [40 Stat. 1057], in that they did then and there knowingly * * * and feloniously purchase, sell, dispense, and distribute a certain derivative of opium, to wit, * * * morphine, * * * which said morphine was not then and there in or from the original stamped packages containing said morphine," and, in count 2, that on or about the same date, and at the same place, they "violated a requirement of the Act of February 9, 1909, as amended January 17, 1914, as amended May 26, 1922 [42 Stat. 596], in that they then and there willfully, * * * knowingly, and feloniously did receive, conceal, buy, sell, and facilitate the transportation, and concealment after importation, of a certain derivative of opium, to wit, two packages, * * * which said morphine defendants then and there well knew had been imported into the United States contrary to law." Each was sentenced to 10 years' imprisonment and to pay a fine of $1,000.

[1] On the face of the record the sentence was in excess of what might have been imposed under the first count; but as the same evidence was introduced in support of the two counts, and the punishment was such as could have been imposed under the second count, if that count is good, and there is sufficient to sustain the judgment under it, de-

fendants were not prejudiced. Powers v. United States, 223 U. S. 303, 32 S. Ct. 281, 56 L. Ed. 448. The assignments are limited, therefore, to the question of the sufficiency of the second count, and of the evidence to support the verdict under that count.

[2] That a charge as stated in count 2 is sufficient is held by this court in Wong Lung Sing v. United States (C. C. A.) 3 F.(2d) 780, and Lee Tung v. United States (C. C. A.) 7 F.(2d) 111.

[3] The constitutionality of the Narcotic Drugs Import and Export Act is questioned, on the ground that its provisions compel one accused to be a witness against himself. The statute (42 Stat. 596, § 2, subd. [f]) merely establishes a rule of evidence, by providing that, when the defendant on trial for violation of the provisions of section 2, subd. (c), of the act, is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless defendant explains the possession to the satisfaction of the jury. This in effect is the creation of a presumption, subject, always, to be rebutted. In no way is there compulsion that defendant shall testify. He may produce witnesses who may truthfully and without difficulty satisfy the jury that his possession was had in an honest and legitimate way. He may rely upon circumstances developed by the evidence of the prosecution as negativing unlawful possession, or he may himself testify and explain how he became possessed of the drugs. In Yee Hem v. United States, 268 U. S. 178, 45 S. Ct. 470, 69 L. Ed. 904, the court said: "Legitimate possession, unless for medical use, is so highly improbable that, to say to any person who obtains the outlawed commodity, 'since you are bound to know that it cannot be brought into this country at all, except under regulation for medicinal use, you must at your peril ascertain and be prepared to show the facts and circumstances which rebut, or tend to rebut, the natural inference of unlawful importation, or your knowledge of it,' is not such an unreasonable requirement as to cause it to fall outside the constitutional power of Congress."

[4] The evidence was sufficient to go to the jury. Defendant Evans, accompanied by another man, rented the room in which afterward the landlady found a valise containing morphine. She reported to the state board of pharmacy. Inspectors then went to the apartment house and stationed themselves near the door of the room. The landlady knocked at the room door and heard voices. Some one answered, but the door was not opened for about 15 minutes. Evans and Rosenberg then came out of the room, started toward the stairs, and were arrested. Rosenberg had a package of morphine, and a search of the room revealed phials of morphine, and a valise containing a quantity of morphine. Evans denied ownership. Rosenberg said it was his.

[5] Defendants argue that there was a failure to prove venue. There was enough evidence, however, to show that both defendants had possession and were concealing the drugs at San Francisco on the date alleged. Therefore we are of opinion that possession at the time and within the jurisdiction alleged was sufficient to authorize a conclusion of guilt under the Narcotic Drugs Import Act unless defendants satisfactorily explained the possession. Ng Choy Fong v. United States, 245 F. 305, 157 C. C. A. 497, certiorari denied 245 U. S. 669, 38 S. Ct. 190, 62 L. Ed. 539. They offered no testimony and made no satisfactory explanation. Willsman v. United States, 286 F. 852 (8 C. C. A.), and other cases cited by defendants involved facts so different from those brought out in the present case that they are not persuasive. The reasoning in Yee Hem v. United States, supra, accords with the view that the judgment must be sustained.

Affirmed.