13 F.(2d)—40

## MORLEN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. June 14, 1926.)

No. 4797.

Poisons ⊜⇒9—Unexplained possession of morphine raises presumption of unlawful importation warranting conviction (Act May 26, 1922, c. 202 [Comp. St. Ann. Supp. 1923, § 8800 et seq.]).

Under Act May 26, 1922, c. 202 (Comp. St. Ann. Supp. 1923, § 8800 et seq.), possession of morphine by a defendant charged with its concealment or sale, knowing it to have been unlawfully imported, raises a presumption of its unlawful importation and of his knowledge, and, unless satisfactorily explained, warrants his conviction.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Criminal prosecution by the United States against Sam Morlen, alias Sam Miller. Judgment of conviction, and defendant brings error. Affirmed.

Elmer E. Robinson, of San Francisco, Cal., for plaintiff in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Morlen was indicted and convicted under an indictment charging (count 1) that in June, 1925, he feloniously sold and distributed morphine not in the original package (38 Stat. 789, § 8 [Comp. St. § 6287n]) and (count 2) that he fraudulently received, concealed, bought, sold, and facilitated the transportation and concealment after importation, of certain morphine which he then and there well knew had been imported into the United States contrary to law (42 Stat. 596 [Comp. St. Ann. Supp. 1923, § 8800 et seq.]).

The principal questions pertain to the sufficiency of the evidence to sustain the conviction under count 2 and to the instructions of the court. The evidence showed that Morlen had possession of the narcotic drug described; that he passed a package containing the morphine to an informer; that on the night of his arrest he told the officials that all he had obtained was just a little "to get by, to make his own stuff out of it," and that that was the last he had; that there were no revenue stamps on the package of morphine taken from the defendant; that after the trans-

action, in resisting arrest, he dropped some marked money that had been passed to him by the informer. Defendant offered no testimony.

Counsel for Morlen argues that the portion of the statute (42 Stat. 596, subd. [f]) which provides that, on a trial for the violation of subdivision c, whenever a defendant is shown to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction, unless the possession is satisfactorily explained to the jury, raises a presumption that the person in possession was the importer of the drug, or, if it be established that the drug was imported, that the possessor had knowledge of its importation, but that the presumption cannot supply proof of the fact of the importation of the drug. Like argument was made in Charley Toy v. United States (C. C. A.) 266 F. 326, in Ng Choy Fong v. United States, 245 F. 305, 157 C. C. A. 497, and was considered in Yee Hem v. United States, 268 U. S. 178, 45 S. Ct. 470, 69 L. Ed. 904, where the Supreme Court held that it is not an illogical inference that opium found in this country after its importation has been prohibited has been unlawfully imported, and that a provision that possession of opium, in the absence of satisfactory explanation, creates a presumption of guilt is not unreasonable. The court said, "By universal sentiment, and settled policy as evidenced by state and local legislation for more than a century, opium is an illegitimate commodity, the use of which, except as a medicinal agent, is rigidly condemned," and held that the imposition upon one in possession of opium of the duty of rebutting or attempting to rebut the natural inference of unlawful importation or knowledge of it is not such an unreasonable requirement as to cause it to fall outside the constitutional power of Congress. Rosenberg et al. v. United States (C. C. A.) 13 F.(2d) 369 (June 7, 1926).

Defendant complains of the refusal of the court to give certain requested instructions upon the subject of entrapment. But as the court fairly and correctly stated to the jury the general rules of law pertinent to the question of entrapment, and as no exception to the charge was taken defendant's rights were not overlooked.

In charging the jury the court stated that the burden of proof was on the prosecution, and that every element of the offenses charged must be proved by evidence which satisfied the jury beyond a reasonable doubt, which the court defined in the usually approved language. But in one place in the charge the court said that the government was not required to prove its case beyond all reasonable doubt. The statement, of course, was incorrect, and in direct conflict with the true rule, which was distinctly and more than once laid down. The mistake—which must have been inadvertently made—was in no manner called to the attention of the court by any suggestion or exception; nor is there any assignment of error based upon that specific point. Evidently no one connected with the trial noticed the error, or the court would promptly have rectified it, and, as the evidence of guilt is all one way, we do not think there should be a reversal.

The judgment is affirmed.