## WHITE v. UNITED STATES. *

(Circuit Court of Appeals, Ninth Circuit. December 20, 1926.)

No. 4789.

1. Criminal law ⫸1209—Sentence of imprisonment on each of two counts, to run concurrently, based on same act, held not double punishment.

Where sentence could rest on either of two counts of indictment based on same act, it was not reversible error to impose sentence of imprisonment on both counts,.to run concurrently, as against contention that this was double punishment for same offense.

2. Jury ⫸56—Statutory exemption from further jury service of juror "discharged" within year is personal exemption to juror, not available to accused (Pen. Code Cal. § 1075).

In view of Pen. Code. Cal. § 1075, statutory exemption from further jury service after discharge from jury service within year is personal exemption to juror, and cannot be invoked by accused; "discharged," as used in statute, meaning one discharged from panel or for term, and not from case at close of trial.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Discharge.]

3. Poisons ⫸2—Statute providing guilt may be inferred from possession of narcotics is constitutional (Harrison Narcotic Act [Comp. St. §§ 6287g–6287q]).

Provision of Harrison Narcotic Act (Comp. St. §§ 6287g–6287q) that violation thereof may be inferred from proof of possession of narcotics is constitutional.

4. Criminal law ⫸395—Officers held to have had probable cause to arrest accused for felony, and narcotics taken from his person were admissible (Harrison Narcotic Act [Comp. St. §§ 6287g–6287q]; Jones-Miller Narcotic Act [42 Stat. 596]).

In prosecution for violation of Harrison Narcotic Act (Comp. St. §§ 6287g–6287q), and Jones-Miller Narcotic Act (42 Stat. 596), evidence held to give officers probable cause to believe accused was guilty of felony, justifying his arrest and admission in evidence of narcotics taken from his person.

5. Criminal law ⫸1169(3)—Admission of narcotics in evidence, if error, was not prejudicial, where accused admitted possession thereof.

Where accused admitted possession of narcotics and testified that he purchased them from dealer, admission of narcotics in evidence, if error, was not prejudicial.

6. Poisons ⫸9—Burden of proving possession of narcotics lawful, because imported prior to effective date of statute or otherwise, held on accused.

Prima facie presumption of unlawful possession, created by Harrison Narcotic Act (Comp. St. §§ 6287g–6287q), attaches to possession of narcotics, and imposes on accused burden of showing lawful possession, either be-

*Rehearing denied January 31, 1927.

cause drug was imported prior to effective date of statute or otherwise.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Frank White was convicted of violating the anti-narcotic acts, and he brings error. Affirmed.

Raine Ewell, of San Francisco, Cal., for plaintiff in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT and RUDKIN, Circuit Judges, and JAMES, District Judge.

GILBERT, Circuit Judge. The plaintiff in error was convicted on two counts of an indictment—the first charging him with violation of the Harrison Narcotic Act (Comp. St. §§ 6287g–6287q); the second count charging him with violation of the Jones-Miller Narcotic Act (42 Stat. 596). He was sentenced to be imprisoned on the first count five years, and on the second count five years, and to pay a fine of $1, the terms of imprisonment to run concurrently.

[1] It is contended that conviction on both counts was had upon evidence relating to a single act of the defendant, that to prosecute him upon both was to place him twice in jeopardy, and that by the sentence double punishment was imposed upon him. The objection is answered by the fact that the sentence of imprisonment for five years may rest upon either count, and there could be no reversible error in imposing a double sentence, to run concurrently. Brooks v. United States, 267 U. S. 432, 45 S. Ct. 345, 69 L. Ed. 699, 37 A. L. R. 1407.

Nor do we find that the indictment was insufficient in either count. The essential facts which constitute the offense are set forth with sufficient clearness and in a form which has been approved by this and other courts. On Lung Sing v. United States (C. C. A.) 3 F.(2d) 780; Barker v. United States (C. C. A.) 6 F.(2d) 149; Rosenberg v. United States (C. C. A.) 13 F.(2d) 369.

We find it unnecessary to discuss again the question of constitutionality of the narcotic statutes. The question was before this court in the recently decided case of Hooper and Haanstra v. United States, 16 F.(2d) 868.

[2] Objection was made to the impanelment of the jury, on the ground that each of the jurors called had served as a trial juror, and had rendered verdicts in prior cases at the same term of the court, and had each been discharged as such trial juror after each verdict. Reference is made to California statutes which it is claimed have provided that jurors, who have served as such within a year and have been discharged within a year, are not competent to continue to serve as trial jurors thereafter. But the provision of the Code of Civil Procedure relied upon provides only that a person drawn as a juror in any court of record upon a regular panel, who has served as such within a year, or a person who has been discharged as a juror within a year, is exempt from liability to act as a juror. The word "discharged" thus used clearly means one who is discharged from the panel or for the term, and not one who is discharged from a case at the close of a trial, and the statute provides only for an exemption which may be invoked by the juror at his option. This is made clear by section 1075 of the Penal Code, which provides that an exemption from service on a jury is not a cause of challenge, but is a privilege of the person exempted.

[3] The defendant raises the question of the constitutionality of the statutory provision that guilt may be inferred from proof of possession. That question is answered in Yee Hem v. United States, 268 U. S. 178, 45 S. Ct. 470, 69 L. Ed. 904, Ng Sing v. United States (C. C. A.) 8 F.(2d) 919, and Rosenberg v. United States (C. C. A.) 13 F.(2d) 369.

[4] At the time of the defendant's arrest there was taken from his person a can of morphine and a bindle of cocaine. The admission of these in evidence is assigned as error, as being the introduction of evidence unlawfully obtained and in violation of the constitutional rights of the defendant. There was evidence before the arresting officers tending to show probable cause to arrest the defendant for a felony. One of the inspectors, who mingled with a crowd of narcotic addicts, at a certain rooming house, heard them talking about the defendant, who was expected soon to appear there, and heard them say that the defendant sold narcotics; that he gave a cube for $1.50, which one of them said was a "good buy." Other officers testified that just prior to the arrest they saw the defendant walking in the direction of the rooming house, having his overcoat on with the collar pulled up, and both hands in his pockets, walking fast, turning around, and looking from side to side; that they pursued him, arrested him, and found on his person the morphine and the cocaine.

These facts were, we think, sufficient to justify arrest. King v. United States (C. C. A.) 1 F.(2d) 931.

[5] But, whether they were or not, there could be no prejudicial error in admitting the narcotics in evidence, for the defendant upon the witness stand admitted that he had them, and testified that he had purchased them from a dealer.

[6] Error is assigned to the refusal of the court to instruct the jury that the narcotic acts could not be retroactive, and that, unless the prosecution proved that the morphine or cocaine was actually imported after the act went into effect, it would be their duty to acquit the defendant, and that the mere possession of said drugs would not take the place of proof as to the time when they were imported. The prima facie presumption of unlawful possession created by the statute undoubtedly attaches to the act of possession, and imposes upon the accused the burden of showing lawful possession, whether by reason of the fact that the drug was imported prior to the time when the act went into effect or for any other reason.

The judgment is affirmed.