### RAMIREZ v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
January 23, 1928.

No. 5255.

**1. Indictment and information ⬌133(1)—Objection to reception of testimony is not available method to challenge indictment.**

Sufficiency of indictment cannot be challenged by an objection to the introduction of testimony under it.

**2. Criminal law ⬌1149—Indictment and information ⬌136—Motion to quash is to court's discretion, whose decision is not reviewable.**

A motion to quash is addressed to the discretion of the court, and its decision is not reviewable on error.

**3. Poisons ⬌9—Unlawful importation of narcotic drugs is presumed from unexplained possession and concealment.**

Proof that defendant possessed and concealed narcotic drugs is sufficient to authorize his conviction under the narcotic laws, in view of the presumption of unlawful importation from such possession.

**4. Criminal law ⬌186—Acquittal of one count is no bar to conviction of distinct offense in other count.**

Acquittal on one count of indictment is no bar to conviction on another, where the offenses charged are different and distinct.

In Error to the District Court of the United States for the Southern Division of the Northern District of California.

Criminal prosecution by the United States of Eulogio Ramirez. Judgment of conviction, and defendant brings error. Affirmed.

Raine Ewell, of San Francisco, Cal., for plaintiff in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction under the second count of an indictment charging a violation of the narcotic laws. The second count charged, in the usual form, that the plaintiff in error did willfully, unlawfully, knowingly, feloniously, and fraudu-

lently receive, conceal, buy, sell, and facilitate the transportation and concealment after importation of certain described morphine and cocaine, which said morphine and cocaine, as the plaintiff in error then and there well knew, had been imported into the United States contrary to law.

[1] A demurrer to the indictment, an objection to the introduction of testimony under the indictment, and a motion to quash on the ground that no competent evidence was presented to the grand jury were overruled, and upon these rulings error is assigned. Indictments in the same form have been repeatedly sustained by this court, and the question of their sufficiency is no longer an open one. Wong Lung Sing v. United States (C. C. A.) 3 F.(2d) 780; Lee Tung v. United States (C. C. A.) 7 F.(2d) 111; Rosenberg v. United States (C. C. A.) 13 F.(2d) 369; Morlen v. United States (C. C. A.) 13 F.(2d) 625. The sufficiency of an indictment cannot be challenged by an objection to the introduction of testimony under it. Stubbs v. United States (C. C. A.) 1 F.(2d) 837. But in any event the objection was without merit.

[2] "As a motion to quash is always addressed to the discretion of the court, a decision upon it is not error, and cannot be reviewed on a writ of error." United States v. Hamilton, 109 U. S. 63, 3 S. Ct. 9, 27 L. Ed. 857; Colbeck v. United States (C. C. A.) 10 F.(2d) 401, and cases cited.

The plaintiff in error, before the trial, interposed a motion to suppress certain testimony on the ground that it was obtained through an unlawful search and seizure, and the ruling on this motion is assigned as error. It appears from the record that the motion to suppress was heard, not only upon the affidavits filed in support of the motion, but upon testimony taken in open court, and the latter has not been embodied in a bill of exceptions. We must therefore presume, in the absence of any showing to the contrary, that the ruling on the motion to suppress was justified and supported by the testimony.

[3] Error is assigned in the refusal of the court to direct a verdict of not guilty at the close of the testimony. The testimony was ample to prove that the plaintiff in error was possessed of and concealed the narcotics in question, but it is earnestly contended that there was no proof that the narcotics had been imported into the United States contrary to law. This contention is without merit in view of the presumption created by the statute. Morlen v. United States, supra.

[4] It is next contended that an acquittal under the first count operated as an acquittal under the second count. The first count charged that the plaintiff in error purchased, sold, and distributed drugs not in or from the original stamped package, and a verdict of not guilty was returned. It will be seen at a glance that the two crimes are different, and that each contains elements not found in the other. Under such circumstances, the rule is firmly established that an acquittal on one count or one charge is no bar to a conviction on the other. The identical question was before this court in Lee Choy v. United States, 293 F. 582, where the same contention was made, and in overruling the contention we said:

"The verdict finding the defendant guilty as to one count and not guilty as to the other is neither repugnant nor inconsistent, for while we may assume that the transaction charged in each count is the same, the offenses are different, and each offense contains elements not found in the other. Under such circumstances, a verdict of not guilty as to one count is not inconsistent with a verdict of guilty as to the other."

The remaining assignments are without merit. The plaintiff in error has brought to this court a bill of exceptions proposed by him and a bill of exceptions certified by the trial court. Some of the rulings complained of are found in the proposed bill of exceptions only and these, of course, we cannot consider. Counsel for the government has consented to a review of certain proposed instructions not found in the bill of exceptions as certified, but our right to do so, even by consent, is by no means clear. However, the brief issues in the case were sufficiently covered by the general charge of the court to which no exceptions were taken.

The judgment is affirmed.