## UNITED STATES v. MULE.

### No. 119.

Circuit Court of Appeals, Second Circuit.

Oct. 20, 1930.

Louis E. Drago, of Brooklyn, N. Y. (Arthur A. Kestler, of Brooklyn, N. Y., of counsel), for appellant.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg and Emanuel Bublick, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for the United States.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

Appellant was convicted under the third count of the indictment, which was the only count submitted to the jury. It charged the defendants Mule and Moyer with the statutory offense of concealing illegally imported heroin with knowledge of the illegal importation (21 USCA § 174). Moyer pleaded guilty and testified against Mule. He testified that he bought from Mule and sold to Bonner, an informer, the ounce of heroin which was taken from Bonner by the narcotic agents and put in evidence upon the trial. The first and second counts of the indictment

charged the defendants with making a sale to Bonner in violation of sections 1 and 2 of the Harrison Narcotic Act (26 USCA §§ 692, 696). These counts were dismissed as against Mule because there was no evidence of his complicity in Moyer's sale to Bonner; but dismissal of the third count was refused, and the jury returned a verdict of guilty.

■■■ It is urged that the evidence was insufficient to permit submission of the case to the jury under the third count. The contention cannot be sustained. By virtue of the statutory presumption, proof of the defendant's possession of the drug, unless explained, warrants a conviction. 21 USCA § 174; Yee Hem v. United States, 268 U. S. 178, 45 S. Ct. 470, 69 L. Ed. 904; Charley Toy v. United States, 266 F. 326 (C. C. A. 2); Hooper v. United States, 16 F.(2d) 868 (C. C. A. 9). Proof of Mule's possession of the heroin before he sold it to Moyer was made by Moyer's testimony that he bought from Mule, and by the testimony of the arresting agents that Mule admitted having had five ounces and having sold the last ounce to Moyer. Mule took the stand and denied everything. Where the truth lay was a question for the jury.

■■■ Complaint is also made that the conviction rests solely upon the uncorroborated testimony of a discredited accomplice; but neither in fact nor in law is this objection sound. The testimony of the agents as to Mule's admissions, if credited, supplied corroboration to Moyer. Nor is it the law in the federal courts that the uncorroborated testimony of an accomplice will never suffice to convict a defendant. Caminetti v. United States, 242 U. S. 470, 495, 37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168; Rachmil v. United States, 288 F. 782, 785 (C. C. A. 2); Hass v. United States, 31 F.(2d) 13 (C. C. A. 9). Such testimony is naturally subject to suspicion, and, as the above authorities indicate, the trial court may well caution the jury to weigh it carefully. In the case at bar this was done. No exceptions were taken to the charge as given and no request was made to amplify it; but it is now urged that the charge was insufficient to safeguard the defendant's rights in this respect. It will suffice to say that in our opinion the caution to the jury was entirely adequate.

■ The next point is the court's refusal to strike out all testimony and exhibits relating to Moyer's sale to Bonner. It is urged that such evidence was irrelevant and prejudicial. In a charge against Mule for conceal-

ing heroin, it would be clearly irrelevant to prove merely that Moyer made a sale to Bonner; but when the particular package of heroin which Mule is charged with concealing is traced from his possession to Moyer's and thence through Bonner into the hands of the agents who brought it into court, the story of the sale by Moyer to Bonner is seen to be strictly relevant. Identification of the heroin Moyer said he got from Mule could be proved only by tracing the passage of the drug through Bonner and the agents to whom he turned it over. There may be some details of the testimony which could have been omitted, but the appellant raised no such question below and does not do so now. He wanted the whole evidence struck out, and to this he was not entitled. Moreover, it is difficult to see how Mule could be prejudiced by evidence of the sale to Bonner. Proof of Mule's possession still rested on Moyer's testimony that he purchased from Mule, plus what the officers added as to Mule's admissions. The sale to Bonner only went to show how the drug which Moyer said he obtained from the appellant came into court, which, as we have already indicated, was a matter proper to be proved.

■ Error is also assigned to the admission of certain rebuttal testimony. As the court directed that this testimony be stricken out, the objection is without merit, and it is unnecessary to give it detailed discussion.

Judgment affirmed.