## BORGFELDT v. UNITED STATES.

No. 7138.

Circuit Court of Appeals, Ninth Circuit.

Dec. 7, 1933.

Edward A. O'Brien, of San Francisco, Cal., for appellant.

H. H. McPike, U. S. Atty., and Robert L. McWilliams and S. P. Murman, Asst. U. S. Attys., all of San Francisco, Cal.

Before WILBUR and GARRECHT, Circuit Judges, and NORCROSS, District Judge.

GARRECHT, Circuit Judge.

Appellant and one Richard H. Moore were jointly indicted, it being charged that they "fraudulently and knowingly did conceal, and facilitate the concealment of a lot of morphine." Moore pleaded guilty. Appellant was tried, convicted, and sentenced.

At the close of the government's case appellant moved for a directed verdict, which motion was renewed at the close of all the evidence. Appellant also requested certain instructions. Failure to grant the motions or give the requested instructions is assigned as error.

Section 174 of title 21 USCA, commonly known as the Jones-Miller Act, provides: "If any person fraudulently or knowingly imports or brings any narcotic drug into the United States, * * * contrary to law, or assists in so doing or * * * conceals, * * * or in any manner facilitates the * * * concealment * * * of any such narcotic drug after being imported or brought in, knowing the same to have been imported contrary to law, such person shall upon conviction be fined not more than $5,000 and imprisoned for not more than ten years. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to au-

thorize conviction unless the defendant explains the possession to the satisfaction of the jury."

The facts taken from the record are as follows: A police officer observed the appellant and his codefendant sitting in an automobile in the vicinity of Turk street and Van Ness avenue in San Francisco. The officer approached the automobile, stopped at a position on the sidewalk on the side of the car on which the defendant Moore was sitting, and ordered both men to get out. In response to this order both got out of the car, Moore slightly ahead of the appellant, each alighting from their respective sides. The witness testified that as appellant got out on his side of the car, the one farthest from the officer, he noticed that the appellant dropped something red from his pocket onto the street. He then came around to the sidewalk where the officer was standing. About this time Moore went to the back of the car and dropped two small paper bindles to the street at the rear of the car. The officer picked these up and later went around the car and recovered the small red box let fall by appellant, which contained four paper bindles. A chemist called as a witness on behalf of the government at the trial testified that each of these bindles contained morphine.

Appellant's codefendant, Moore, pleaded guilty and upon the trial was a witness for appellant. In contradiction of the testimony of the arresting officer, Moore testified that all of these packages of morphine belonged to him and that he himself had thrown them into the street. Upon rebuttal the government put on another witness who testified that in a conversation had with defendant Moore in the police station, concerning these various packages, government exhibits, Moore admitted that those he had thrown behind the car belonged to him. Referring to the other exhibit, which the officer testified had been dropped to the ground by appellant, Moore at that time stated to this witness that he was not the owner and did not know anything about that package.

There was no error in the court's refusal to direct a verdict.

Concerning the instructions. Error is assigned for the failure of the court to give requested instruction No. 1, which is as follows: "I instruct you that in order to secure a conviction under this indictment it is necessary that the Government should prove that the morphine, referred to in the indictment herein, was concealed by the defendant Borgfeldt, that it had been unlawfully imported, and

that the defendant knew that it had been unlawfully imported."

Inasmuch as this instruction omits any and all reference to the statutory rule of evidence, which in cases of this class make the possession of narcotics sufficient to authorize conviction, unless the defendant explains the possession to the satisfaction of the jury, the instruction as offered is an incomplete and inadequate statement of the law and the trial judge was warranted in refusing to give the same.

In requested instruction No. 2, failure to give which is assigned as error, reference is made to this rule of evidence; but there is included in the instruction a statement to the effect that the possession contemplated by the statute must be "personal and exclusive," which is not correct as applied to the testimony in this case.

Nor was it necessary, as indicated in defendant's requested instruction No. 3, that, in order to secure a conviction in this case for concealing and facilitating the concealment of the morphine, that "the Government must show that the said morphine was actually concealed by the defendant."

Questions here raised have been determined adversely to appellant's contention. See Yee Hem v. U. S., 268 U. S. 178, 45 S. Ct. 470, 69 L. Ed. 904; U. S. v. Mule (C. C. A.) 45 F.(2d) 132; Hooper v. U. S. (C. C. A.) 16 F.(2d) 868; Corollo v. Dutton (C. C. A.) 63 F.(2d) 7.

Judgment affirmed.

WILBUR, Circuit Judge (concurring).

I concur in the affirmance of the judgment. The instructions given by the court cover the matters requested in defendant's proposed instructions Nos. 1, 2, and 3, so far as they are correct statements of the law, and hence error cannot be predicated upon their refusal. Ng Sing v. United States (C. C. A.) 8 F.(2d) 919.