## HOOD v. UNITED STATES.
### No. 1223.

Circuit Court of Appeals, Tenth Circuit.
June 17, 1935.

---

Warren K. Snyder, of Oklahoma City, Okl. (John Howard Payne, of Oklahoma City, Okl., on the brief), for appellant.

George E. Massey, Jr., Asst. U. S. Atty., of Oklahoma City, Okl. (William C. Lewis, U. S. Atty., of Olahoma City, Okl., on the brief), for the United States.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

LEWIS, Circuit Judge.

Appellant and his wife were convicted on the first count of an indictment which charged them with selling, dispensing and delivering a certain derivative of opium, to-wit, approximately 337 grains of morphine hydrochloride not in or from the original stamped package to a named person at a stated time and place. 26 U. S. Code, § 692, 26 USCA § 692. An indictment almost identical with this count was upheld in Jack Hubert Hood v. United States (C. C. A. 10) 76 F.(2d) 275, 276.

The second count charged that the persons named above, at a stated time and place, received, concealed, bought, sold and facilitated the transportation and concealment after importation of a certain derivative of opium, to-wit, approximately 337 grains of morphine hydrochloride, which they then and there well knew had been imported into the United States contrary to law. 21 U. S. Code, § 174, 21 USCA § 174.

The court directed a verdict of not guilty as to the wife on the second count. Appellant was found guilty on that count. The court sentenced appellant to imprisonment for five years on each count, sentences to run consecutively.

Appellant complains of the court's rulings on his demurrer to the indictment and on his motion in arrest of judgment in so far as they attack the second count. His contention is that the government should charge in what way or what manner the described morphine hydrochloride was unlawfully brought into the United States. He also contends that his motion for directed verdict should have been sustained because of lack of proof of unlawful importation.

The government produced competent and substantial evidence from which the jury could find appellant guilty as charged, unless the government is required to prove the unlawful importation. Appellant's wife was the only witness for the defense. Her testimony somewhat contradicted the government's evidence concerning negotiations for the sale of the narcotic drug, but the evidence that the drug was delivered by appellant to a government informer was not contradicted. There was no evidence tending to explain appellant's possession of the morphine hydrochloride, which was in a paper sack or bag not bearing stamps or other indicia of origin.

The following cases hold that possession of the narcotic drug in the absence of a satisfactory explanation by defendant, creates, without more, an inference of guilt. Morlen v. United States (C. C. A. 9) 13

F.(2d) 625; Rosenberg v. United States (C. C. A. 9) 13 F.(2d) 369; White v. United States (C. C. A. 9) 16 F.(2d) 870; Copperthwaite v. United States (C. C. A. 6) 37 F.(2d) 846; Colletti v. United States (C. C. A. 6) 53 F.(2d) 1017, Cert. Den. 285 U. S. 559, 52 S. Ct. 459, 76 L. Ed. 947; Frank v. United States (C. C. A. 8) 37 F.(2d) 77; Casey v. United States, 276 U. S. 413, 48 S. Ct. 373, 72 L. Ed. 632.

Said section 174 involved in this case and on which the second count is based contains this:

"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

The court gave to the jury the substance of what has just been quoted, and then said as to the second count, "The question is, was John Hood found in possession of these narcotics. In other words, did he have them in his possession immediately prior to delivering this package to Sam King." There was no evidence that the drugs were imported, and the defendant did not take the stand and explain his possession. But for the cases supra we would not hesitate in giving full concurrence to Judge Denison's construction in the Copperthwaite Case of the statutory inference. He was of opinion that the fact of importation, which was a constituent element of the crime, should be excluded as an inference, and that the inference should only be applied as to defendant's knowledge of the importation in event importation was established by the proof. Moreover, we do not read the opinion in Yee Hem v. United States, 268 U. S. 178, 45 S. Ct. 470, 69 L. Ed. 904, as including importation to be within the statutory inference, but rather, that there was circumstantial proof tending to establish importation. See, O'Neill v. United States (C. C. A. 8) 19 F.(2d) 322; Ezzard v. United States (C. C. A. 8) 7 F.(2d) 808; McAdams v. United States (C. C. A. 8) 74 F.(2d) 37.

 The court denied appellant's application for bill of particulars. The indictment was sufficiently certain to enable defendant to prepare his defense and to plead jeopardy should he again be indicted. As said in Jack Hubert Hood v. United States, supra, "a motion for bill of particulars is addressed to the sound discretion of the trial court, and its denial will not be disturbed on appeal unless that discretion has been abused." We find no abuse of discretion in this matter on either count.

We do not notice the claimed error in the admission of certain government evidence as rebuttal, because its admission is not assigned as error as required by our Rule 11.

The judgment is affirmed.