MULLANEY et al. v. UNITED STATES.
No. 7916.

Circuit Court of Appeals, Ninth Circuit.
March 9, 1936.

J. Frank Sullivan, of Butte, Mont., for appellants.

John B. Tansil, U. S. Atty., and R. Lewis Brown, Asst. U. S. Atty., both of Butte, Mont., for the United States.

Before WILBUR, DENMAN, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

Defendants were convicted, on four counts of an indictment, of violating the laws relating to narcotic drugs and appeal. The first count charged sale of morphine not in or from the original stamped package. The second count charged sale of morphine not in pursuance of a written order on a form issued in blank for that purpose by the Commissioner of Internal Revenue. The third count charged unlawful concealment of morphine. The fourth count charged defendants with the purchase of narcotic drugs not in or from the original stamped package.

Assignments of error numbered 23 to 27, both inclusive, and No. 30, relating to the admission and rejection of evidence, do not show the objections to such evidence, the grounds thereof, nor exceptions to the rulings of the court. This court has held that such assignments do not comply with rule 11 of this court, and therefore we will not consider them. Goldstein v. United States (C.C.A.) 73 F.(2d) 804, 806. The first four assignments of error relate to the refusal of the court to grant motions made for directed verdicts. Assignments of error numbered 5 to 10, both inclusive, relate to the refusal of the court to give certain requested instructions. Assignments of error numbered 11 to 15, both inclusive, relate to certain instructions given by the court.

Appellants question the sufficiency of the evidence, and make a number of points in regard thereto which will be hereinafter mentioned. The evidence shows that certain officers had a prisoner in the city jail brought before them, searched him and found no narcotic drugs in his possession. The officers gave the prisoner four marked silver dollars, took him to the vicinity of appellant's residence, and observed him enter the residence. After about twenty minutes, the informer returned, and gave to one of the officers a packet containing morphine. Shortly thereafter, the officers forcibly entered the residence, and found the marked money in appellants' bed. Appellant Ethel Mullaney admitted that she was in that bed at the time when the informer came into the residence, and that the informer came as far as the door to the bedroom, but did not enter it.

There was evidence to show that in the basement of the residence was a room which was occupied by one Irene Collins, a drug addict, and which had previously been occupied by another addict, Everett Irvin. When the officers gained entrance to the residence, there was evidence to show that appellant Ethel Mullaney ran to that room in the basement, and that the officers were from five to ten minutes in effecting entry into such room by breaking the door. In this room the officers found other narcotics. At the time the officers went into the residence, Everett Irvin, Irene Collins, appellants, and their two children were there. Appellant Michael J. Mullaney made a request to the officers that they should not take his wife into custody, stating that he would claim all the "junk."

Appellant contends that the evidence is insufficient to support the convictions on counts 1 and 2, because there is no evidence tending to show which of the people in the residence at that time made the sale. In so far as appellant Michael J. Mullaney is concerned, his admission to the officers together with testimony to the effect that the drugs were found in his house, and positive testimony that the marked money was found in the bed in which he slept, was sufficient evidence

to take the case to the jury. In so far as appellant Ethel Mullaney is concerned, the evidence that the money was found in the bed which she occupied at the time of the sale, or immediately thereafter, would show possession of the money by her and such evidence is also sufficient to go to the jury. Hirata v. United States (C.C.A.9) 290 F. 197.

Appellants also contend that the evidence was insufficient on counts three and four to justify submission to the jury because there was no proof of possession. Here again the admission of appellant Michael J. Mullaney, together with testimony to the effect that the drugs were found in his house, and positive testimony that the marked money was found in the bed in which he slept, is sufficient evidence as to him, and with respect to appellant Ethel Mullaney, the facts are nearly identical to those in Rosenberg v. United States (C.C.A.9) 13 F.(2d) 369. On the authority of that case we hold the evidence sufficient as to Ethel Mullaney.

Appellant also contends that there was no proof of venue as to count 3. 21 U.S.C.A. § 174, on which this count was based, provides: "Whenever on trial for a violation of this section defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury." This court expressly held in Casey v. United States, 20 F.(2d) 752, that the presumption contained in the statute extended also to venue. This was approved on appeal, Id., 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632. This rule was also followed in Acuna v. United States (C.C.A.5) 74 F.(2d) 359.

The next point raised by appellants is that 26 U.S.C.A. § 692 (now 26 U.S. C.A. § 1043), and 21 U.S.C.A. § 174, the statutes upon which the indictment is based, are invalid. Appellants state that the parts of the statutes providing for presumptions are unconstitutional. We find no merit in this contention. Such statutory presumptions have been held to be constitutional. Casey v. United States, supra, and Hooper v. United States (C.C. A.9) 16 F.(2d) 868, and cases cited.

Appellants also contend that the search and seizure made by the officers was unlawful. On the authority of Mattus v. United States (C.C.A.9) 11 F.(2d) 503, and Kwong How v. United States (C.C. A.9) 71 F.(2d) 71, we hold that appellants' rights were not violated.

As to assignments of error numbered 12, 13, and 14, appellants contend that certain of the court's instructions were in effect declarations that the presumptions mentioned in the statute were presumptions of law. First, we do not so read the court's instructions. Second, the exception to the instructions does not contain this ground of objection, and therefore we are unable to consider it. Goldstein v. United States, supra. The appellants, also complain that the court failed to define the words "prima facie." The court read to the jury the statutes upon which the counts were based, and immediately thereafter instructed the jury as follows: "I charge you, gentlemen, that if you believe from the evidence beyond a reasonable doubt that the defendants were in possession of the drugs mentioned in the indictment, that the absence of the appropriate tax-paid stamps is *prima facie* evidence that the same were purchased by the defendants within the State and District of Montana in violation of the statute." (Italics ours.) There followed no definition of the words "prima facie." Appellants contend that the instruction was misleading, however we observe that appellants made no request for an instruction defining these words.

In 1 Randall's Instructions to Juries § 362, it is said: "As a general rule, a party who does not request an instruction defining a word or phrase cannot complain of the failure to give it; this rule applying to the definition of such words as * * * 'prima facie' * * *" See, also, 16 C.J. 966, § 2360; 1056, § 2498. Under these circumstances we hold that there was no error in failing to define "prima facie."

Error is assigned to the following instruction given by the court: "Now, there is another element in all of these counts the court has mentioned to you and contained in the indictment, which must be established before you can find the defendants guilty, or either of them: That is to say that in every crime * * * there must be a joint operation of act and intent, *or criminal negligence.* * * *" (Italics ours.)

The exception of appellants was that "there was no evidence to which the same

is applicable, and the same is confusing to the jury and permits them to indulge in speculation as to what is meant by criminal negligence." Since appellants admit there was no evidence of criminal negligence, we can hardly see how the jury could have been misled. The court carefully charged the jury with respect to the intent required, immediately after giving the instruction last above quoted, and made no other reference to "criminal negligence." The instruction did not require the jury to find a joint operation of act and criminal negligence, but a joint operation of act and intent, or criminal negligence. The second ground of the exception is not well taken because no request for an instruction defining the words "criminal negligence" was made.

■ Appellants assign error to the failure of the court to give the following instruction: "That to have possession of narcotic drugs, as used in these instructions, means that such possession, if any, must be immediate and exclusive and under one's dominion and control." Inasmuch as the court instructed "that possession of a thing means having in one's control or under one's dominion," the only objection is to the failure to instruct that possession "must be immediate and exclusive." In Borgfeldt v. United States, 67 F.(2d) 967, 969, this court said: "But there is included in the instruction a statement to the effect that the possession contemplated by the statute must be 'personal and exclusive,' which is not correct as applied to the testimony in this case." There was no error in the failure to give this requested instruction.

■ One of the requested instructions consisted of a charge relating to accomplices. Inasmuch as 18 U.S.C.A. § 550 abolishes any distinction between principals, accessories, and accomplices, and permits their prosecution as principals, there was no error in the court's refusal to give this instruction.

■ Complaint is also made of the court's refusal to charge the jury that the presumption of innocence has the weight and effect of evidence. The court's instruction was: "Now, to this indictment, the defendants have both entered pleas of not guilty. Under that plea arises what in law we term the presumption of innocence, which means the defendants are presumed to be innocent of the charges until they are proven guilty beyond a reasonable

doubt." In Coffin v. United States, 156 U.S. 432, 15 S.Ct. 394, 39 L.Ed. 481, it is said that the presumption of innocence is evidence. However, in Holt v. United States, 218 U.S. 245, 31 S.Ct. 2, 6, 54 L.Ed. 1021, 20 Ann.Cas. 1138, a requested instruction included, "This presumption of innocence is evidence in the defendant's favor." The trial court instructed the jury to the effect that the defendant was presumed innocent until he was proven guilty beyond a reasonable doubt. The Supreme Court found no error in refusing to give the instruction, and that case disposes of the question before us.

■ Appellants also complain of the refusal to give an instruction to the effect that the finding (returning) of the indictment was no evidence of the guilt of defendants.

The court instructed the jury as follows: "Now, this indictment of itself is not to be taken as any evidence whatsoever against these defendants. This is merely a writing, formal statement, for the purpose of advising all of us who are interested in this case of the nature of the charges preferred by the Grand Jury against these defendants. It is, therefore, not to be taken as of itself as any evidence." We see no merit in the contention that the court should have instructed the jury also, that the *finding* (returning?) of the indictment would not constitute evidence, for the reason that the record presents no ground therefor. The only exception claimed to be pertinent arises under appellants' requested instruction number three, and that did present a request for such instruction on the whole the court instructed substantially as requested in that request.

■ Another requested instruction stated in substance that the evidence of the defendants, because they were defendants in the case, "is not of itself sufficient to impeach or discredit their" testimony. The court gave the following instruction:

"* * * The presumption is a witness is speaking the truth.

"Now, the defendants in this cause have taken the stand and testified in their own behalf, the same as other witnesses, and the same presumption follows in the case of the defendants, in that they are speaking the truth, except where you find contradictions, as you have found in this case, between the testimony on the part of the State and the testimony on the part of the

defendants and their witnesses. * * * You will remember, though, in the case of the testimony of the defendants, that they are the defendants in the case, and the seriousness of the charge preferred against them, and what it would mean to them if they are convicted. However, because of these facts, you have no right to disregard the testimony of the defendants, but you must consider it consciously, (conscientiously?) fairly and impartially, the same as you would that of the testimony of any other witness in the case."

The instruction given fully covers the matter contained in the requested instruction and is sufficient. Ng Sing v. United States (C.C.A.9) 8 F.(2d) 919.

■ Appellants requested the following instruction: " * * * that the finding of an article in a room in a house in which a person makes his home is not sufficient to prove that such person was in the possession or control of that article if others had free access to the room in which the article was found." It is apparent that the subject-matter of this requested instruction is fully covered by the following instruction, actually given by the court: "You are instructed that the finding of an article in a room or on premises in which a person is found is not sufficient, standing alone, to prove that such person was in possession of the article found if others had access to such room or premises."

■ Complaint is made also to the refusal of the court to give a requested instruction to the effect that the burden at all times was upon the United States to prove defendants' guilt beyond a reasonable doubt. There is no merit in this contention. The court charged the jury, "You understand the burden is always on the government to prove the defendants guilty beyond a reasonable doubt," and followed this by definitions of "beyond a reasonable doubt." Several other references to the same principle are made throughout the instructions. The matter contained in the requested instructions was fully covered in the instructions given.

■ While one of the officers was testifying concerning the admission made by Michael J. Mullaney, and after he had testified from his "vivid recollection" of what Mullaney said, he stated that he had made a memorandum concerning the admission. The court refused to permit appellants' counsel to inspect the memorandum, and

appellants present such ruling as error. Taylor v. United States (C.C.A.8) 19 F. (2d) 813, cited by appellants, does not sustain their contention that they were entitled to inspect this memorandum. It appears in that case that the witness was using the memorandum while testifying. Such was not the fact in the instant case.

■ Under assignments of error numbered 17 and 22, appellants contend that the package containing morphine, which was given to the officers by the informer who had purchased the same with the marked money, was inadmissible as evidence because not shown to have been connected with the accused or shown to have been in their possession. Prior to the time when the packet was offered in evidence, there was evidence admitted showing the admission of Michael J. Mullaney, showing discovery of the marked money in the bed occupied by Ethel Mullaney, and showing that the prisoner handed to one of the officers a packet which he opened "and ascertained that it was morphine." The record shows no objection to that evidence. We believe that it is sufficient to connect the packet with appellants, but in any event, in view of the testimony that the informer handed to the officer a packet of morphine, we do not see how appellants were prejudiced.

■ While the informer was in appellants' residence, witness Everett Irvin testified that the informer gave him a "shot of morphine" and that the informer "produced that morphine from out of a bindle or package he had. He took it from his pocket. The package was a white paper, a fair-sized paper, and he gave me a portion if it there." On cross-examination, over appellants' objections, the witness testified as to what the form of a "bindle" of "deck" was, how it was wrapped when bought from a peddler. Appellants contend that the cross-examination was improper because not confined to the scope of the direct examination. However, since the testimony is related to the evidence brought out on direct examination, there was no abuse of the court's discretion in this regard. Blockburger v. United States (C.C. A.7) 50 F.(2d) 795, 789 (affirmed 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306).

The last contention made is that the court in imposing separate punishments on counts 1 and 3, erred because the transaction and offenses set forth in those counts are the same, and for that reason

the judgments amounted to double punishment for the same offense or transaction. Like contentions are made with respect to the judgments on counts 1 and 4, and counts 1 and 2. The first count, charging sale not from the original stamped package, is based on 26 U.S.C.A. § 692 (now 26 U.S.C.A. § 1043); the second count, charging sale without an order, and the fourth count, charging purchase not in the original stamped package, are based on 26 U.S.C.A. § 696 (now 26 U.S.C.A. § 1044(a, c–g); and the third count, charging unlawful concealment of morphine, is based on 21 U.S.C.A. § 174.

With respect to the contention regarding the first and third counts, this court has held that sale of morphine is one offense, and concealment of morphine is a distinct offense. Therefore, there is not double punishment with respect to those counts. Parmagini v. United States (C.C.A.) 42 F.(2d) 721.

As to the contention regarding the first and second counts, there, likewise, was no error in imposing punishment on each count. Blockburger v. United States, supra.

There was no error in imposing separate punishments on the first and fourth counts. The first count charging sale of morphine not in or from the original stamped package, brought under the Harrison Narcotic Act (38 Stat. 785), is an entirely different transaction from the charge of purchasing morphine not in or from the original stamped package, as charged in the fourth count, based on the Jones-Miller Act (42 Stat. 596).

We find no prejudicial error in this record.

The judgment of the District Court is affirmed.