## BIEGLER v. UNITED STATES.
### No. 5684.

Circuit Court of Appeals, Seventh Circuit.

Oct. 13, 1936.

William F. Waugh and J. J. Goshkin, both of Chicago, Ill., for appellant.

M. L. Igoe, U. S. Atty., and Mary D. Bailey, Asst. U. S. Atty., both of Chicago, Ill., for the United States.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

EVANS, Circuit Judge.

Appellant advances two reasons for reversal of that portion of the judgment which sentenced him to imprisonment for the violation of title 21 U.S.C.A. § 174. He questions the sufficiency of the evidence which showed possession of unstamped morphine hydrochloride and heroin hydrochloride, to justify conviction under said section for receiving, etc., the drug knowing the same to have been unlawfully imported.

The authorities do not sustain appellant's position.[a,b]

The attempted distinction which appellant makes—namely, that the decision in Yee Hem v. U. S., 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904, dealt with smoking opium (which is always contraband), whereas the drugs herein involved might in exceptional

---

[a] Decisions of this court: Howard v. U. S., 75 F.(2d) 562; Britton v. U. S., 60 F.(2d) 772.

[b] Decisions of other courts: Steinfeldt v. U. S., 219 F. 879 (C.C.A. 9); Charley Toy v. U. S., 266 F. 326 (C.C.A. 2); Acuna

circumstances, so he contends, be lawfully possessed—is not recognized or sustained by other decisions.[c]

Appellant also assails an instruction which we quote:

"Therefore, if you believe from the evidence and beyond a reasonable doubt that the defendant here had possession of the narcotic drugs, as charged, you are authorized to find him guilty under these three counts, that is, the second, fourth and sixth, unless he has explained such possession to your satisfaction. In other words, it was not necessary for the Government to prove that the drugs were unlawfully imported or that the defendant knew them to be unlawfully imported, but possession by a defendant of such a narcotic drug places the burden upon such defendant to prove to your satisfaction that they were not unlawfully imported and that he did not believe them to be unlawfully imported; the law presumes that they were imported illegally, and the burden of rebutting that presumption is on a defendant, as well as the burden of explaining his possession to the—of explaining his possession so as to relieve himself of knowledge as to the importation."

The Government argues that no adequate or proper exception was taken to this charge and, moreover, that had there been timely exceptions they were not well taken.

In view of the fact that all of the product from which morphine and heroin, etc., are derived, is grown abroad, we are convinced that the statute (21 U.S.C.A. § 174) which reads:

"If any person fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or assists in so doing or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported contrary to law, such person shall upon conviction be fined not more than $5,000 and imprisoned for not more than ten years. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

justifies the charge which the judge gave.

The judgment is

Affirmed.

v. U. S., 74 F.(2d) 359 (C.C.A. 5); Rosenberg v. U. S., 13 F.(2d) 369 (C.C.A. 9); Boyd v. U. S., 30 F.(2d) 900 (C.C.A. 9); Frank v. U. S., 37 F.(2d) 77 (C.C.A. 8); Hooper v. U. S., 16 F.(2d) 868 (C.C.A. 9); Colletti v. U. S., 53 F.(2d) 1017 (C.C.A. 6); U. S. v. Mule, 45 F.(2d) 132 (C.C.A. 2); Ramirez v. U. S., 23 F.(2d) 788 (C.C.A. 9); Wong Lung Sing v. U. S. (C.C.A.) 3 F.(2d) 780; Ng Sing v. U. S., 8 F.(2d) 919 (C.C.A. 9); Vachuda v. U. S., 21 F.(2d) 409 (C.C.A. 2); Casey v. U. S., 276 U.S. 413, 48 S.Ct. 373, 72 L. Ed. 632; Gowling v. U. S., 64 F.(2d) 796 (C.C.A. 6); Parmagini v. U. S., 42 F.(2d) 721 (C.C.A. 9); White v. U. S., 16 F.(2d) 870 (C.C.A. 9); Copperthwaite et al. v. U. S., 37 F.(2d) 846 (C.C.A. 6); Silverman v. U. S., 59 F.(2d) 636 (C.C.A. 1); Corrollo v. Dutton, 63 F.(2d) 7 (C.C.A. 5); Hood v. U. S., 23 F.(2d) 472 (C.C.A. 8); Borgfeldt v. U. S., 67 F.(2d) 967

(C.C.A. 9); Hood v. U. S., 78 F.(2d) 150 (C.C.A. 10).

c White v. United States (C.C.A.) 16 F. (2d) 870; Rosenberg v. United States (C.C.A.) 13 F.(2d) 369; Howard v. United States (C.C.A.) 75 F.(2d) 562; Corollo v. Dutton (C.C.A.) 63 F.(2d) 7; Borgfeldt v. United States (C.C.A.) 67 F.(2d) 967; Hood v. United States (C.C.A.) 78 F.(2d) 150; Britton v. United States (C.C.A.) 60 F.(2d) 772; United States v. Mule (C.C.A.) 45 F.(2d) 132; Hooper v. United States (C.C.A.) 16 F. (2d) 868; Silverman v. United States (C.C.A.) 59 F.(2d) 636; Frank v. United States (C.C.A.) 37 F.(2d) 77; Ramirez v. United States (C.C.A.) 23 F.(2d) 788; Acuna v. United States (C.C.A.) 74 F. (2d) 359; Copperthwaite v. United States (C.C.A.) 37 F.(2d) 846; Mullaney v. United States (C.C.A.) 82 F.(2d) 638.