**LEONG CHONG WING v. UNITED STATES.**

**No. 8650.**

Circuit Court of Appeals, Ninth Circuit.
April 5, 1938.

John P. Garvin, of Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., and F. A. Pellegrini, Asst. U. S. Atty., both of Seattle, Wash.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

Appellant was upon trial to a jury found guilty as charged in count 1 of an indictment, and from judgment pronounced thereon he appeals.

Count 1 of the indictment charged a violation of section 174, title 21 U.S.C.A., in that appellant, and others, unlawfully, knowingly, feloniously, and fraudulently did "receive, conceal, buy, sell and facilitate the transportation and concealment, after importation of a certain derivative and preparation of opium, to wit one (1) ounce of opium prepared for smoking which said preparation of opium, as the [appellant] then and there well knew had been imported into the United States contrary to law."

The court below denied a demurrer to the indictment, a motion to quash, a motion to suppress evidence, and various other motions.

Appellant assigns as error: (1) The failure of the court below to grant appellant's motion to suppress; (2) the admission of Government's Exhibit No. 1 in evidence (this exhibit consisted of a jar of opium found in the automobile operated by appellant at the time of his arrest) ; (3) the refusal to grant a directed verdict of not guilty.

The only question argued before us was in the contention that there was error in the refusal to suppress evidence.

The record discloses that appellant at a prior date had been convicted, upon a plea of guilty, of a violation of the National Drugs Import and Export Act, 21 U.S.C.A. § 171 et seq., that he was an associate of known narcotic dealers, that enforcement officers had numerous complaints of appellant's actively engaging in the illicit sale of narcotics.

It further appears from the record that customs officers received information, from an informant theretofore on several occasions found to be reliable, to the effect that appellant was about to meet a white man at a specified place for the purpose of making a sale and delivery of narcotics. On three occasions within a period of about 15 days,

904

these officers, acting upon such information, observed appellant, while driving a car, meet the identical white man, who entered appellant's car.

On the last of such occasions, February 12, 1937, the officials, having again received information from the same source to the effect that appellant would meet a white man for the same purpose and after observing the same white man enter appellant's car, apprehended appellant and his guest, placed them under arrest, searched the automobile, and found therein a glass jar containing an ounce of opium prepared for smoking, which appellant admitted belonged to him, but which he said was for his own use.

It is admitted that the officers had neither a search warrant nor warrant for the arrest of appellant.

The Fourth Amendment to the Constitution of the United States does not forbid all searches and seizures.

In Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 283, 69 L.Ed. 543, 39 A. L.R. 790, the rule is stated thus: "That if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid."

This rule is restated with approval by Justice Stone in Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 242, 75 L.Ed. 629, 74 A.L.R. 1407. See, also, Papani v. United States, 9 Cir., 84 F.2d 160.

The opium seized was contraband and subject to forfeiture. 21 U.S.C.A. § 173.

The undisputed facts here were "sufficient, in the circumstances, to lead a reasonably discreet and prudent man to believe," (Husty v. United States, supra), that contraband opium was illegally possessed in appellant's car.

In White v. United States, 9 Cir., 16 F.2d 870, 871, this court upheld the validity of an arrest and seizure where the facts indicating probable cause were much like the instant case though less convincing.

The jar of opium was properly received in evidence. White v. United States, supra.

The trial court properly refused to direct a verdict of acquittal, for the smoking opium properly received was admitted by appellant to have been in his possession. Such possession is sufficient to justify conviction, unless explained to the satisfaction of the jury. 21 U.S.C.A. § 174; Morlen v. United States, 9 Cir., 13 F.2d 625, 626.

We find no error. The judgment is affirmed.