## KING v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.
October 20, 1924.)

No. 4210.

1. **Criminal law ⬅112S(2)—Papers in transcript, but not in bill of exceptions or record proper, not considered.**

Papers included in transcript, but not in either bill of exceptions or record proper, will be ignored.

2. **Searches and seizures ⬅7—Arrest of occupant of automobile and search without warrant proper; "unreasonable search and seizure."**

Where federal officers had reliable and positive information that defendant was engaged in transportation of opium and narcotics, and had reason to believe he was to receive shipment of opium, and stationed themselves where defendant had passed with his automobile, and arrested him on his return and found opium under hood, search and seizure without search warrant was not unreasonable within Const. U. S. Amend. 4.

3. **Searches and seizures ⬅7—Fourth Amendment sanctions without warrant arrest, search, and seizure of persons engaged in crime, or reasonably believed to have committed felony.**

Const. U. S. Amend. 4. sanctions without warrant arrest, search, and seizure of persons engaged in commission of crime, or reasonably believed to have committed felony.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Richard E. King was convicted of unlawfully importing smoking opium, and buying, receiving, and selling it, and brings error. Affirmed.

Edward H. Chavelle, of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and J. W. Hoar, Sp. Asst. U. S. Atty., both of Seattle, Wash.

Before HUNT and RUDKIN, Circuit Judges, and BOURQUIN, District Judge.

BOURQUIN, District Judge. To conviction for unlawfully importing smoking opium and likewise buying, receiving, and concealing it, the principal error assigned by defendant below is that the evidence was secured by illegal search and seizure.

[1] Ignoring, as we must, papers included in the transcript, but not in either the bill of exceptions or the record proper, the bill discloses that Hamer, a federal officer, had "reliable and positive information that Richard E. King was engaged in the transportation of smoking opium and other narcotics"; that Hamer knew a certain boat had arrived that morning, and he watched for defendant that night, having "reason to believe" defendant then presently was to receive a shipment of opium; that, defendant passing west in an auto, Hamer and city police stationed themselves where he would pass on his return to Seattle; that they had no search warrant; that about 4 a. m. defendant's auto, with all curtains down, approached in orderly manner, and the officers stopped it; that they arrested him, searched

the auto, and in it and under its motor hood found five sacks containing 275 five-tael tins of smoking opium; that then as now defendant disclaimed ownership or knowledge of the opium.

[2, 3] In these circumstances of search and seizure of defendant engaged in the commission of a felony, and of which the officers had reliable information and cause to believe, there is nothing unreasonable within the import of that term in the Fourth Amendment. After the amendment, as before it, the law necessarily sanctions arrest, search, and seizure of persons engaged in commission of crime, or reasonably believed to have committed a felony, without any paper warrant. This case is so plain that it suffices to say so.

Other errors assigned are barely mentioned in defendant's brief, and are without merit. In so far as correct, requested instructions were given in substance.

The judgment is affirmed.