**DAISEN v. UNITED STATES.**

(Circuit Court of Appeals, Sixth Circuit. March 4, 1925.)

No. 4261.

Arrest ⟨⟩63(4)—Intoxicating liquors ⟨⟩249— Searches and seizures ⟨⟩7—Facts held to constitute a "discovery" of liquor being unlawfully transported, and warranting without warrant seizure and arrest of transporter.

Where prohibition officers, on approaching motorboat, asked defendant in charge what he had in it, to which he replied, "Beer," held, such facts amounted to "discovery," justifying seizure of liquor and arrest of defendant, under National Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), nor was such arrest and seizure violative of Const. Amend. 4, prohibiting unreasonable seizures and searches.

In Error to the District Court of the United States for the Eastern District of Michigan; Charles C. Simons, Judge.

Jack Daisen was convicted of unlawfully transporting and possessing intoxicating liquor, and he brings error. Affirmed.

See, also, 288 F. 199.

Grover L. Morden, of Detroit, Mich., for plaintiff in error.

James J. Spillane, Asst. U. S. Atty., of Detroit, Mich. (Delos G. Smith, U. S. Atty., of Detroit, Mich, on the brief), for the United States.

Before DENISON, DONAHUE, and KNAPPEN, Circuit Judges.

PER CURIAM. Daisen was convicted upon counts 2 and 3 of an indictment, in which counts he was charged with unlawful transportation and possession of intoxicating liquor. He was engaged in carrying this cargo from Canada to the United States, at a point a little below Detroit. The proof shows that three prohibition agents were upon the Detroit river in a motorboat, acting as a part of what was called the "marine motor boat patrol," engaged in detecting and preventing unlawful marine transportation of liquor. The agents saw Daisen some distance away, coming from Canada in his open motorboat, 24 feet long. They approached his boat, and as they came near they could see upon it packages which they took to be cases of beer, and, upon hailing him and asking him what he had, he replied, "Beer." Thereupon his boat was boarded and the cases of liquor seized, and he was arrested.

Counsel for plaintiff in error present, very elaborately and forcefully, the contentions that the seizure and search of the boat without a search warrant was unlawful, and that a prohibition agent is not, by analogy to the common-law powers of peace officers, an officer entitled to make arrests without warrant.

We find no occasion to consider these questions. It is plain to us that what happened before the boat was boarded amounted to a "discovery" of liquor being unlawfully transported; that these prohibition agents were assistants to the commissioner; and that therefore, under the express provisions of section 26 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½mm), and without resorting to any other source of authority, they were authorized to seize the liquor found on the boat, to take possession of the boat, and to arrest the person in charge thereof. We have repeatedly found "discovery," giving a right to seize without search warrant and to arrest, under circumstances no more persuasive than here existed. Stafford v. U. S. (C. C. A.) 300 F. 537; Moseley v. U. S. (C. C. A.) 4 F.(2d) 381, decided February 4, 1925).

If, perhaps, there might be conditions—though we do not intend to say there could be—in which a search and seizure expressly authorized by section 26, would yet be unreasonable under the Fourth Amendment, this case presents no such condition.

The judgment is affirmed.