## LAFAZIA et al. v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. April 14, 1925.)

No. 1737.

1. **Intoxicating liquors** ⬷249 — **Prohibition agent may seize liquor and vehicle, if circumstances would lead reasonably cautious man to believe that liquors were being transported.**

Under National Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), prohibition officer had right to stop automobile and search for liquor, if facts and circumstances would have caused reasonably cautious man to believe that intoxicating liquors were being transported.

2. **Criminal law** ⬷696(4)—**Motion for directed verdict held equivalent to motion to exclude evidence.**

In prosecution for unlawful possession and transportation of intoxicating liquor, motion for directed verdict, on ground that officer making search and seizure had no warrant and no reasonable and probable cause to make the seizure, *held* equivalent to a motion to exclude evidence so obtained.

3. **Arrest** ⬷63(4)—**Intoxicating liquors** ⬷249—**Search for and seizure of liquor and arrest of person in charge of automobile by prohibition officers without warrant held proper.**

Where loaded truck was moving at an unusual hour on a stormy night from place where information had been received that intoxicating liquors were to be landed, and cases in which intoxicating liquor is usually packed could be seen through latticed sides of truck, prohibition officers were justified, under National Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), in stopping truck, and in making search and seizure of liquor found therein, and in making arrest of person in charge thereof without a warrant.

In Error to the District Court of the United States for the District of Rhode Island; George F. Morris, Judge.

Pasquale Lafazia and others were convicted of the unlawful possession and transportation of intoxicating liquor, and they bring error. Affirmed.

U. Pettine, of Providence, R. I. (Benjamin Cianciarulo, of Providence, R. I., on the brief), for plaintiff in error.

Harold A. Andrews, of Providence, R. I. (Norman S. Case, of Providence, R. I., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. The plaintiffs in error were each convicted in the District Court for the District of Rhode Island of the unlawful possession and transporta-

4 F.(2d)—52

tion of intoxicating liquor. They offered no evidence, and at the close of the testimony for the United States moved for a directed verdict, on the grounds that the officer making the search and seizure had no warrant and no reasonable or probable cause to make the search and seizure. The denial of this motion is assigned as error.

Under section 26 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½mm), when the prohibition agents "shall discover any person in the act of transporting in violation of the law intoxicating liquors," it is made their duty to seize said liquors and the vehicle in which they are being transported and to arrest the person in charge thereof.

In Park v. United States, 294 F. 776, this court stated in the majority opinion, after citing the cases in which different constructions had been placed upon the act:

"We think, however, the true construction and meaning of the statute is that if an officer, at the time of the seizure, has ascertained facts, through the exercise of his senses of sight, smell, etc., and from other sources of information, that would justify a reasonably prudent man in believing that the crime of transporting liquor in a vehicle contrary to law was being committed in his presence, a seizure would be authorized."

In Carroll et al. v. United States, 45 S. Ct. 280, 69 L. Ed. ——, decided by the Supreme Court March 2, 1925, the court had under consideration the right of prohibition officers to stop an automobile and search it for intoxicating liquor, and held that, if facts and circumstances within the knowledge of the officers and of which they had reasonably trustworthy information "would warrant a man of reasonable caution in the belief that intoxicating liquor was being transported," they could stop an automobile and search it without a warrant.

[1, 2] In passing upon the motion for a directed verdict, it was therefore necessary for the presiding judge in the court below to determine whether the facts and circumstances shown by the undisputed testimony in this case would cause a reasonably cautious man to believe that intoxicating liquors were being transported. If they would not, then the search and seizure were illegal, and the evidence afforded by the liquor that was seized should have been excluded from consideration by the jury. The motion for a directed verdict on the grounds assigned was equivalent to a motion to exclude.

The circumstances and facts attending the search and seizure were as follows:

The prohibition director had received information that a boat loaded with liquor intended to land the same somewhere along the west shore of Rhode Island, between Saunderstown and East Greenwich, and he telephoned this information to Mr. Daley, chief enforcement prohibition agent, who, on the night he received the information, covered the road leading along the west shore from the city of Providence down to Saunderstown and back without finding any liquor. On the next night the prohibition director and the enforcement agent went out over the same road together. This road ran along the west shore, where the information had been received that the liquors were to be landed, and was a main traveled highway. Several landing places and piers were visited.

About 1:30 o'clock in the morning they met a truck coming from the direction of Narragansett Pier, which is on the west shore, and headed toward Providence. This truck had latticed sides upon which was the word "Ice," and the contents were covered by a canvas. It was then raining, and had been since 8 o'clock the preceding evening. The load upon the truck, which was only partially covered by the canvas, came to about the top of the latticed sides.

After meeting the truck the officers turned their automobile about and followed it some distance, passed it, and pulled in front of it, causing it to stop. They then went back to the truck, and, lifting up the canvas upon it, found that it covered cases marked "Scotch Whisky." The two defendants were upon the truck, and one of them, when asked, said that the truck was loaded with whisky. The seizure and arrest were then made.

There was evidence that the canvas with which the cases of whisky were covered did not extend to the bottom of the truck, but that the cases could be seen through the latticed sides. The officers who followed it in an automobile had full opportunity to observe the truck with the headlights of their car thrown upon it.

[3] In view of the fact that this loaded truck was moving at an unusual hour upon a stormy night, from the place where information had been received that intoxicating liquors were to be landed, and cases in which intoxicating liquor is usually packed could be seen through the latticed sides of the truck, the officers were, under the rule laid down by the Supreme Court in Carroll v. United States, supra, justified in stopping the truck in order to make further investiga-

tion. The seizure and arrest which followed were fully warranted.

The judgment of the District Court is affirmed.

BINGHAM, Circuit Judge (concurring). All the evidence introduced in this case was received without objection or exception. At the close of the government's case the defendants moved for a directed verdict, which was denied, subject to exception. The error assigned is to the denial of this motion. Consequently the only question is whether there was any substantial evidence from which the jury, as reasonable men, could find that the defendants were guilty of the crime charged. There can be no doubt that there was abundant evidence and that the denial of the motion was proper. The question of the competency of the evidence is not before us. If the defendants had desired to raise that question, on the ground that it was illegally procured, they should have excepted to the evidence when offered, or to its retention as soon as it appeared that it was illegally procured.

If, however, the question of the competency of the evidence can properly be regarded as before us, I agree that the seizure was lawful, and that the evidence obtained thereby was competent, and properly received.