## UNITED STATES v. LUKAS.

District Court, D. Massachusetts. November 5, 1929.

No. 8851.

Frederick H. Tarr, U. S. Atty., and Elihu D. Stone, Asst. U. S. Atty., both of Boston, Mass.

Arthur D. Cooper, of Boston, Mass., for defendant.

BREWSTER, District Judge. The defendant has been indicted for the illegal transportation of intoxicating liquor. He has filed a motion to suppress evidence obtained by a federal prohibition agent as a result of a search of defendant's automobile. The search and seizure were made without a search warrant.

The ground upon which the motion is based is that the facts and circumstances within the agent's knowledge, and of which he had reasonably trustworthy information, were insufficient in themselves "to warrant a man of reasonable caution in the belief that intoxicating liquor was being transported in the automobile" which was stopped and searched.

The question is to be decided upon the following facts:

The federal prohibition department received a written communication to the effect that liquor was being transported from a certain house in East Dedham in an automobile. The registration number of the car was given in the communication. This com-

munication was turned over to one Whiting, a federal prohibition agent, who interviewed the writer of the communication. After the interview and certain inquiries made concerning his informant, he believed that the information was trustworthy. He thereupon made several visits to the vicinity of the premises in question, saw the defendant about the place, and, upon inquiries in the neighborhood, learned his name. On at least one occasion while passing the house he detected an odor of distillation.

On the morning of the search he saw the defendant come out of the house with a bundle wrapped in burlap and place it in an automobile which bore a registration number identical with that concerning which he had received previous information. The defendant drove away, and the agent followed him to South Boston, where he stopped the car, and, upon searching, found therein a quantity of intoxicating liquors.

There was nothing seen in the conduct of the defendant which, independent of other facts, would excite suspicion, nor did the agent obtain any knowledge by the exercise of his senses respecting the contents of the package which he saw the defendant put in his car.

It is settled in Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790, that the officer is not limited to what he sees, hears, or smells at the time of the search, but he may rely upon any "convincing information that he may previously have received as to the use being made of" the automobile.

If, in the case at bar, the officer should be limited to what he saw, heard, or smelled on the day of the seizure, it could hardly be said that he had anything more than mere suspicion upon which to proceed, since the defendant's conduct was entirely consistent with innocence, and the officer did not see the liquor, nor did his sense of hearing or smell enable him to know that liquor was in the car.

On the other hand, what the officer saw on that morning, taken in connection with information he had previously received both from his informant and from his own observation and the exercise of his own faculties, would certainly warrant a man of reasonable caution in believing that intoxicating liquor was being transported.

The question, therefore, is whether and to what extent the agent could rely upon information which he had received in the written communication and in his interview with the writer.

While it is true that in the Carroll case, supra, the convincing information previously acquired had been obtained by the agents at first hand and not through an informant, and, while in two recent cases in this circuit [Lafazia et al. v. United States, 4 F.(2d) 817; Segurola v. United States, 16 F.(2d) 563] the agents had evidence of probable cause apart from confidential communications, I do not regard these cases as conclusive against the government in the case at bar. If the confidential information was found to be so reliable as to justify a prudent man in acting upon it, there is no reason why such communication should be wholly excluded from consideration. In the instant case, not only did the agent take reasonable steps to satisfy himself as to the reliability of his information, but what he saw about the premises, the presence of the defendant, the identity of the car, the odor of distillation, and the defendant carrying a bundle from the house to the car—all would further tend to convince the agent that the information he had received was worthy of belief, and would operate, in the mind of a reasonably prudent man, to create a justifiable belief that the car was then being used for the transportation of liquor.

It follows from these observations that there was present that "probable cause to believe" essential to the validity of a search without a warrant of the defendant's automobile. Defendant's motion is overruled.