## MARTINELLI v. UNITED STATES.
### No. 6149.

Circuit Court of Appeals, Ninth Circuit.

Dec. 1, 1930.

Ray T. Coughlin and Clifford A. Russell, both of Sacramento, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., of San Francisco, Cal., and Albert E. Sheets, Asst. U. S. Atty., of Sacramento, Cal.

Before RUDKIN and WILBUR, Circuit Judges, and NORCROSS, District Judge.

WILBUR, Circuit Judge.

The appellant was convicted of the unlawful possession, and also the unlawful transportation, of intoxicating liquor. The intoxicating liquor was found in his possession in a motortruck which was searched by the prohibition officer without a search warrant. The only question involved in this appeal is the authority of the officer to make the search. The question was raised in the lower court by a motion to suppress the evidence and by objection upon the trial to the introduction of the evidence and by motion to strike it out.

■ The facts upon which the officer acted in making the search, and the law applicable thereto, are correctly summed up in the brief of the appellee, as follows:

"Shortly after midnight the officer observed this illegitimate truck—that is one without any commercial signs on it—drive up to a known illicit beer joint where he had raided two weeks before and found five per cent beer, the truck driver go inside and bring out a man and together commence to take from the truck unlabeled new cases of a kind which conceal the bottle and in which 'illegitimate' beer only is sold, smelled the odor of brew from the truck and then accosted the men who 'got scared and wouldn't answer.'

"All of this the officer knew either before the seizure or the search.

■ "From his experience—that is first hand knowledge—Agent Davis knew that the place the truck stopped to unload was a wild cat beer joint; that wild cat beer was sold in cases such as he saw on the truck. Such information he had a right to consider with such other circumstances as he observed in concluding there was probable cause to believe the truck was transporting intoxicating liquor. Carroll v. U. S., 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Lafazia et al. v. U. S. (C. C. A.) 4 F.(2d) 817;

Segurola v. U. S. (C. C. A.) 16 F.(2d) 563; U. S. v. Lukas (D. C. Mass.) 35 F.(2d) 599.

■ "Officers have that information which constitutes 'probable cause where the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that intoxicating liquor was being' transported. Herter v. U. S., (C. C. A. 9th) 33 F.(2d) 403, 406."

Judgment affirmed.