## WISNIEWSKI v. UNITED STATES.
### No. 5783.

Circuit Court of Appeals, Sixth Circuit.
March 6, 1931.

Roman F. Glocheski and Dilley & Dilley, all of Grand Rapids, Mich., for appellant.

Fred C. Wetmore and L. H. Grettenberger, both of Grand Rapids, Mich., for the United States.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

The only question presented for our consideration is whether, at the time of defendant's arrest, the arresting officers had probable cause for believing that intoxicating liquor was being transported in the defendant's automobile. Probable cause has been defined by the Supreme Court as "reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the party is guilty of the offence with which he is charged." Stacey v. Emery, 97 U. S. 642, 645, 24 L. Ed. 1035; Dumbra v. U. S., 268 U. S. 435, 441, 45 S. Ct. 546, 69 L. Ed. 1032. Compare: Carroll v. U. S., 267 U. S. 132, 155, 156, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Steele v. U. S., No. 1, 267 U. S. 498, 504, 45 S. Ct. 414, 69 L. Ed. 757. Certainly, as observed in Byars v. U. S., 273 U. S. 28, 29, 47 S. Ct. 248, 71 L. Ed. 520, "a search prosecuted in violation of the Constitution is not made lawful by what it brings to light," but each case must stand or fall upon the particular facts known to the arresting officers before or at the time of the arrest. Peru v. U. S., 4 F.(2d) 881 (C. C. A. 8). There have been numerous cases in which the facts disclosed have been held insufficient to establish probable cause. Compare: Gambino v. U. S., 275 U. S. 310, 48 S. Ct. 137, 72 L. Ed. 293, 52 A. L. R. 1381; Brown v. U. S., 4 F.(2d) 246 (C. C. A. 9); Emite v. U. S., 15 F.(2d)

623 (C. C. A. 5); U. S. v. Allen, 16 F.(2d) 320 (D. C. Fla.); U. S. v. Di Corvo, 37 F.(2d) 124 (D. C. Conn.). However, if the facts are sufficient, in the opinion of the court, to establish such probable cause, the arrest must be upheld. Carroll v. U. S., supra; Hilsinger v. U. S., 2 F.(2d) 241 (C. C. A. 6); Daisen v. U. S., 4 F.(2d) 382 (C. C. A. 6); Lafazia v. U. S., 4 F.(2d) 817 (C. C. A. 1); Ramsey v. U. S., 27 F.(2d) 502 (C. C. A. 6); U. S. v. Lukas, 35 F.(2d) 599 (D. C. Mass.). Citations of authorities to the same effect as those above given might be greatly multiplied upon both sides of the question, but the foregoing are sufficient to establish the principles here applicable.

█ In the instant case the chief objection of appellant is based upon the fact that the source of information of the arresting officers was not disclosed either by naming the informer, describing his exact relationship to the department and the source of his information, or otherwise. The arresting officers testified that on August 23, 1930, they had been "informed" that the defendant, who was said to be dealing in intoxicating liquors, was to make a delivery during that forenoon at his meat market at 900 Michigan avenue in the city of Grand Rapids; that similar information had been received on four previous occasions from the same informer with reference to others, and that it had on each such other occasion proved reliable; and that the delivery was to be made either in a Studebaker sedan bearing license No. 594,190, or in an Essex coach bearing license No. 594,191. They also testified that before the time in question information had been received from the deputy administrator that defendant was selling whisky at his meat market.

With this information as the basis for suspicion, possibly insufficient in itself to constitute probable cause, the officers went to the vicinity of defendant's place of business for purposes of observation. They testified that while there they saw the defendant talking to a known bootlegger, and that he got a burlap sack and a jug out of the bootlegger's car and placed it in the Essex coach which had been previously identified by its license number. Shortly thereafter the defendant left his place of business, got into the Essex coach, and drove away. About ten minutes later he returned and stopped nearby. The arrest thereupon followed. At the time of the arrest defendant was still in his Essex coach and beside him upon the seat was the jug covered by the burlap sack. The jug contained three gallons of whisky.

Under these circumstances, we are constrained to hold that there was sufficient personal confirmation of the report received to constitute probable cause. The previous information may have amounted to no more than ground for suspicion; yet, when the defendant is seen talking to a known bootlegger, and receives from him a jug and a burlap sack for its concealment, and when defendant drives away shortly thereafter and returns with what is obviously the jug concealed in a burlap sack on the seat beside him, reasonable grounds existed for believing in the authenticity of the advance information and that the defendant was then engaged in the commission of the crime of transporting. Compare Husty v. U. S., 51 S. Ct. 240, 75 L. Ed. ——, decided February 24, 1931.

The arrest was therefore legal, as upon the "discovery" of the defendant in the act of transporting, and the evidence was admissible at the trial. The refusal of the court to grant defendant's petition for suppression of the evidence being the only error alleged, the judgment of the District Court must be affirmed.