## UNDERHILL v. UNITED STATES. *
### No. 327.

Circuit Court of Appeals, Tenth Circuit.

March 13, 1931.

Cornelius Hardy, of Wewoka, Okl., for appellant.

W. F. Rampendahl, Asst. U. S. Atty., of Muskogee, Okl.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

The oral argument and briefs in this case indicated that it bristled with such questions as the right to arrest without a warrant, the right to search and seize as an incident to the arrest, the evidence necessary to justify the issuance of a search warrant, the facts justifying a search of a residence without a warrant, and other questions. But an examination of the record demonstrates that it is a very simple case, involving but one question: Were the officers justified in searching an automobile without a warrant?

*Certiorari denied, 51 S. Ct. 495, 75 L. Ed. ——.

The defendant was charged with the possession of twenty-three and one-half gallons of whisky. Four witnesses were present when defendant's car was searched and the whisky found, and all testified to the possession. The defendant offered no evidence. The court's charge was clear, concise and fair. No exceptions were or can be taken to it. The jury convicted. The guilt of the defendant is unquestionable.

There was a motion to suppress the evidence on the ground that the search was illegal. The sole question then is: Were the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information sufficient in themselves to warrant a man of reasonable caution in the belief that intoxicating liquor was being transported in the automobile which they stopped and searched? Carroll v. United States, 267 U. S. 132, 162, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790. See, also, Husty v. United States, 51 S. Ct. 240, 75 L. Ed. ——; Martinelli v. United States (C. C. A. 9) 45 F.(2d) 393. But a short review of the evidence is necessary to show that this search was well within the doctrine of the cited cases. At the time of the search the officers knew:

(1) That defendant had theretofore pleaded guilty to possession of 750 gallons of liquor, that possession being in a pasture adjacent to where the car was later searched.

(2) The superintendent of a government hospital for tubercular soldiers had requested the officers to apprehend the defendant, as he was getting his patients drunk.

(3) Two patients in the hospital said that they were drinking defendant's whisky and commended its quality.

(4) A police officer at Sulphur advised them that defendant was making whisky. Two business men told them they had bought liquor from defendant.

(5) Defendant was generally reputed among police officers, bootleggers and others, to be a manufacturer of whisky.

There was other evidence, but this is ample. The defendant was a manufacturer and seller of liquor on a large scale, and had been for many years. He was supplying liquor to sick soldiers in a government hospital. The superintendent knew it; the patients knew it; the police knew it; business men knew it. Equipped with this reliable information the officers drove to his place and caught him red-handed. The officers would have been derelict in their duty if they had not searched the car, for the defendant would have escaped if they had tarried. If

a search warrant is necessary here, the government might as well abandon all hope of enforcing the laws against transportation of liquor.

The facts here are much stronger than in either of the cases herein cited. The judgment will be affirmed and the mandate will issue forthwith.

Affirmed.