## TURNER v. UNITED STATES.

### No. 1055.

Circuit Court of Appeals, Tenth Circuit.

Nov. 21, 1934.

Frank Hickman, of Tulsa, Okl. (Irvine E. Ungerman, of Tulsa, Okl., on the brief), for appellant.

W. F. Rampendahl, U. S. Atty., of Muskogee, Okl. (C. L. McArthur, Asst. U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before LEWIS and PHILLIPS, Circuit Judges, and JOHNSON, District Judge.

LEWIS, Circuit Judge.

■ Appellant was indicted, convicted and sentenced for possessing intoxicating liquor on September 29, 1933, at a certain point in Muskogee, Oklahoma, said place being in what was formerly the Indian country. Act of June 30, 1919 (25 USCA § 244).

We notice that said section was repealed March 5, 1934. 48 Stat. 396. The repeal of that section, however, does not extinguish penalties or liabilities theretofore incurred. Rev. St. § 13 (1 USCA § 29).

■ Appellant filed a motion to suppress the evidence on the ground that it was procured by certain officers of the United States by means of an illegal and unlawful search of appellant's person and effects without a search warrant therefor. There was no search of his person. His automobile was searched. The court overruled said motion, and the sole question considered here is the correctness of that ruling.

Two federal prohibition investigators were witnesses. The evidence was that appellant was known as a liquor dealer who had served a term in the penitentiary for conspiracy to violate the liquor laws. About September 1, 1933, the witnesses were informed that appellant was back in the alcohol and bonded whiskey business. His movements were watched. On September 25, 1933, the witnesses received word from police officers in Tulsa that appellant was going to New Orleans for a load of liquor. They were informed he had left Tulsa, the kind of car he was driving and its license number. They found out he was not at his home in Tulsa. On information the officers anticipated his return by Muskogee and they watched the highway. Shortly after noon on September 29, 1933, they saw appellant on the highway approaching from the south. He entered Muskogee, and at 24th Street and Okmulgee Avenue he changed his course

and speeded up his car. The officers followed and stopped him. When they came to his car he said: "There is no use looking. It is full"—or something to that effect. A search of the car without protest or objection disclosed a quantity of whiskey, wine and alcohol, also a revolver carried in the pocket of the car. Later appellant told the officers he brought the liquor from New Orleans.

Under the facts the search was not unlawful and illegal, and no constitutional right of appellant was violated. See Husty v. United States, 282 U. S. 694, 51 S. Ct. 240, 75 L. Ed. 629, 74 A. L. R. 1407, Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790, and Underhill v. United States (C. C. A. 10) 47 F.(2d) 891.

Affirmed.