## SCHER v. UNITED STATES.
### No. 7773.

Circuit Court of Appeals, Sixth Circuit.
Feb. 18, 1938.

As Amended April 13, 1938.

Gerald A. Doyle, of Cleveland, Ohio, for appellant.

Roy C. Scott, Asst. U. S. Atty., of Cleveland, Ohio (E. B. Freed, of Cleveland, Ohio, on the brief), for the United States.

Before MOORMAN and ALLEN, Circuit Judges, and NEVIN, District Judge.

PER CURIAM.

The appellant was found guilty under two counts of an indictment charging him with unlawful possession and transportation of distilled spirits, the containers of which did not have revenue stamps affixed thereto. The offenses charged were violations of section 1152a, title 26, U.S.C., 26 U.S.C.A. § 1152a.

Investigators of the Alcohol Tax Unit at Cleveland, Ohio, received confidential information from a source previously proved to be reliable that a load of tax-unpaid distilled spirits in bottles would be taken from a certain address in a car, the make, model, and license number of which were given, at about midnight of December 30, 1935. The investigators saw appellant call at the designated address in a car of the specified make, model, and license number, at about 9 p. m., and leave about 10:30, carrying a package and accompanied by three women. The car returned about midnight. It was parked without lights in the driveway at the rear corner of the house for about half an hour. From the opposite side of the street the investigators heard the rear door of the house open, and several times heard the sound of heavy paper being scraped across a hard surface, after which they heard two doors slam. Appellant then drove the car, which appeared to be heavily loaded, to his residence. He drove into the garage, and was in the act of getting out of the car when one of the investigators approached with a flashlight, and asked if the car was hauling bootleg whisky. Appellant said it was for a party, and in reply to the question as to whether it was tax paid, said that it was "Canadian whiskey," and that it was in the trunk of the car. In the car eighty-eight bottles without tax stamps were found in fourteen packages similar to that which appellant had previously carried from the premises under observation.

Appellant's principal contentions are: (1) That the court erred in denying appellant the right to cross-examine as to the identity of the informant; and (2) in overruling appellant's motion to suppress the evidence.

As to the first contention, for reasons of public policy the identity of a confidential informant must be kept secret, and such sources need not be disclosed. Segurola v. United States, 1 Cir., 16 F.2d 563; Vogel, Ex'r, v. Gruaz, 110 U.S. 311, 4 S.Ct. 12, 28 L.Ed. 158; Shore v. United States, 60 App.D.C. 137, 49 F.2d 519; McInes v. United States, 9 Cir., 62 F.2d 180; Wilson v. United States, 3 Cir., 65 F.

2d 621; Goetz v. United States, 5 Cir., 39 F.2d 903.

As to the second contention, appellant moved to suppress evidence obtained as a result of the search, on the ground that the search was without a warrant or without probable cause, and in violation of section 14, article 1, of the Constitution of Ohio, and the Fourth and Fifth Amendments to the Constitution of the United States. The District Court overruled this motion, and its action was correct. The garage was not searched. The circumstances presented facts within the personal knowledge of the agents, sufficient to lead a reasonably discreet and prudent man to believe that liquor was illegally possessed in the automobile. There was no unlawful search and seizure. Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407; Carroll v. United States, 267 U.S. 132, 149, 45 S.Ct. 280, 283, 69 L.Ed. 543, 39 A.L.R. 790; Wisniewski v. United States, 6 Cir., 47 F.2d 825; Ferracane v. United States, 7 Cir., 47 F.2d 677. United States v. Kind, 2 Cir., 87 F.2d 315 is distinguishable upon the facts.

The judgment is affirmed.[1]

[1] MOORMAN, Circuit Judge, took no part in the decision of this case, and this opinion was written after his death.