**UNITED STATES v. CLARK.**

No. 14584.

District Court, W. D. Missouri, W. D.

July 29, 1939.

Rehearing Denied Sept. 15, 1939.

original stamped package, which he seized. The government proposes to offer the seized drug in evidence at the trial of the defendant who has been indicted of the crime of receiving and concealing seventy grains of heroin theretofore unlawfully imported into the United States.

The testimony offered at the hearing of the motion to suppress was to the following effect: Fact 1. The agent who arrested the defendant had seen her enter and then leave a certain grocery store shortly before the time of the arrest. It was known to the agent that this grocery store was a place where not only groceries were sold, but where also there had been unlawful transactions in narcotic drugs. Fact 2. The agent knew the defendant was an addict. Fact 3. Immediately before the arrest the defendant's companion, who was an informer, known to the agent and officers with him to be reliable, indicated to the agent (by a signal in accordance with a pre-arranged code) that "the defendant actually had narcotics in her possession" (we quote here from the government's brief).

If the arrest of the defendant was lawful the search was lawful. The contention is that the arrest was lawful for that the agent arresting the defendant had reasonable grounds to believe that the defendant had committed (and was even then committing) the felony of receiving and concealing narcotic drugs. Is the contention sound?

What we have set out as Facts 1 and 2 may add a little but they certainly do not add much to Fact 3. Fact 3 is all important. No one would say that seeing an addict coming out of a suspected grocery store supplies a reasonable ground for believing that that addict has committed a felony. The question is: Is the positive statement by a citizen of good reputation to an officer that another citizen has committed a felony a reasonable ground which will justify an arrest without a warrant.

It is said in 6 Corpus Juris Secundum, Arrest, § 6, p. 599, that an officer may acquire the knowledge that will justify an arrest without a warrant "from information imparted to him by reliable and credible third persons." Of the several federal cases cited in that most admirable and extraordinarily accurate encyclopedia to support the rule announced (cases decided as late as 1939 are cited) only one is suffi-

Maurice M. Milligan, U. S. Atty., and Richard K. Phelps, Asst. U. S. Atty., both of Kansas City, Mo.

Frank Rader and Jesse I. Moritz, both of Kansas City, Mo., for defendant.

OTIS, District Judge.

The question presented in this criminal case is whether defendant's motion to suppress the evidence shall be sustained or denied.

On the evening of April 13, 1939, Jeannette Clark, the defendant, was sitting in an automobile in a parking station in Kansas City. She was accompanied by a male companion. They just had driven into the station. A federal narcotic agent, who had observed the pair drive into the station, approached the stationary automobile, placed the defendant under arrest (although he had no warrant of arrest), searched her person (although he had no search warrant), found concealed in her clothing seventy grains of heroin not in the

ciently in point to the precise question we are now discussing to justify a reference. It was ruled in that case, United States v. Gowen et al., 2 Cir., 40 F.2d 593, 596, that an officer was justified in making an arrest on information received "from his superior officer, whose own investigations had corroborated the facts reported. * * *"

Learned counsel for the government has cited several cases from district courts and courts of appeals and we have read them all. None of them, we think, supports the doctrine—indeed counsel does not specifically cite them as supporting the doctrine—that mere information from a third party, however reliable the third party, is reasonable ground for an arrest. One of the cases cited, Wisniewski v. United States, 6 Cir., 47 F.2d 825, 826, expressly intimates that mere information from a third party, known to be reliable, is "insufficient in itself to constitute probable cause." The defendant in that case was arrested because, in addition to the "information" (which was "insufficient" to justify the arrest), the arresting officers "saw" him talking to "a known bootlegger," "saw" him get "a burlap sack and a jug out of the bootlegger's car" and place it in another car and drive away. Ten minutes later he was arrested, the burlap sack, obviously containing a jug, being seen beside him. But how different from those facts, confirming the information received from the third party, are Facts 1 and 2 which we have set out above. It is not to be supposed that the Sixth Circuit Court of Appeals, which said the information from the reliable third party was insufficient to justify an arrest, would have held the arrest lawful if the only additional facts were (1) that Wisniewski had been seen, not getting a jug from a bootlegger, but coming out of a grocery store where it was suspected or even known that liquor was illegally sold and (2) that Wisniewski was addicted to the use of intoxicants.

It seems to us that the Fourth Amendment to the Constitution, U.S.C.A., is whittled away to nothingness if it is held that a citizen may be arrested and searched without a warrant of arrest or a search warrant if only it is shown that some reliable informer has said the citizen has committed or is committing a felony, without any showing whatever (and there was none here) that the informer's information was itself more than mere guess-work and speculation.

Learned counsel for the Government suggests that even if the arrest of the defendant was unlawful, still the search of the defendant's person was lawful. We are unable to agree. 1. The forcible seizure and search of another's person is an arrest. 2. To justify either the arrest or the search the officer must have had reasonable grounds to believe that a felony had been committed by the defendant. In this case such grounds have not been shown.

We must confess that we now draw back a little when we hear asserted a claim of constitutional right in a criminal case. Almost always, as in this instance, it is advanced to shield an individual who is guilty from the justice of the law he has flouted. The only satisfaction we can derive from maintaining the constitutional rights of such a person arises from the knowledge that the obligation of the judicial oath requires it and from the certainty that only so may the protection of the Constitution be preserved against the day when innocent men will need it as a defense from governmental tyranny.

The motion to suppress the evidence is sustained, but leave is granted to the government to apply for leave to file a motion for a rehearing, provided the application is accompanied by the statement in writing of counsel that he overlooked offering at the hearing relevant testimony and by the affidavits of witnesses setting out the additional testimony that would be offered if a rehearing is granted. So ordered.

### On Petition for Rehearing.

This opinion is supplemental to and should be read with that heretofore written in this case in connection with defendant's motion to suppress evidence. A petition for a rehearing as to the order sustaining the motion to suppress was filed with leave and has been argued fully. When it was argued, certain additional testimony being then received, a full record of the facts was made for the benefit of the parties, should either of them desire to have the order of this court reviewed. We much prefer that a defeated litigant shall avail himself of the remedy of appeal rather than that he should resort only to the well known alternative relief against an erring nisi prius judge.

Learned counsel for the government now emphasizes a detail in the testimony which was not considered when the motion to suppress was sustained. The investigation of defendant which resulted in her arrest was under the immediate supervision and control of a federal narcotic agent. If the arrest was lawful the search was lawful. Holding that the narcotic agent had no reasonable ground for believing that the defendant was committing a felony, we held that the arrest he authorized was unlawful and that the following search and seizure was unlawful. Now it is pointed out that the actual arrest, search and seizure were made by an officer of the municipal police, who had been advised by the narcotic agent that the defendant had contraband drugs in her possession and was committing a felony. The police officer, it is said, relied and had a right to rely on the information given him by the narcotic agent. The arrest by the police officer, it is contended, was lawful (although an arrest by the narcotic agent himself might not have been) and the search was lawful.

While it is very doubtful whether the facts found make the ingenious theory now asserted at all applicable, we shall assume arguendo that they do and shall examine the validity of the theory. Does an officer of the municipal police, working under the direction of a federal narcotic agent, being advised by the agent that a certain person is committing a felony against the laws of the United States (although the agent had no reasonable ground for so believing) and being directed by the agent to arrest that person, have a lawful right to make the arrest?

It seems clear that the question must be answered in the negative. The immunities granted by the Fourth Amendment would be valueless if they could be circumvented by a direction by a federal officer, with insufficient knowledge to justify an arrest by himself, to a state officer, working with and under him, to make the arrest and to follow it with a search. In that situation. what is done by the state officer in reality is done by the federal officer. Byars v. United States, 273 U.S. 28, 33, 47 S.Ct. 248, 71 L.Ed. 520. Certainly the authority of the mere instrument and agent cannot rise higher than the authority of the superior and principal.

The motion for rehearing is denied. So ordered.