**UNITED STATES v. HILL et al.**

Cr. No. 1258–53.

United States District Court
District of Columbia.

Sept. 16, 1953.

Leo A. Rover, U. S. Atty., Arthur J. Mc-Laughlin, Asst. U. S. Atty., Washington, D. C., for plaintiff.

Eugene A. Chase, Washington, D. C., for defendants.

LAWS, Chief Judge.

Defendant Hill has moved to suppress evidence seized by police officers in the search without warrant of an automobile and its occupants within the District of Columbia. The evidence shows that the police received information from a reliable informant at 1:00 P.M. on July 10, 1953, that defendants Hill and Langford were to drive to New York City that day at 5:00 P.M. to receive delivery of contraband narcotics for illegal distribution in the District of Columbia; the automobile was placed under observation by police officers and seen to leave at that time; the officers received a telephone call from an informant in New York the following morning advising them that defendants were returning by automobile to the District of Columbia; later that morning the automobile was observed by the officers travelling at high speed on the Baltimore-Washington highway; and the arrests, searches and seizures were made when the automobile came into the District of Columbia. Defendants argue there was lack of probable cause to support a search and seizure without a warrant.

A valid search of a vehicle moving on a public highway may be had without a warrant only if probable cause for the search exists. Carroll v. United States, 1925, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543. "Probable cause exists where 'the

442

facts and circumstances within their (the officers') knowledge and of which they had reasonably trustworthy information (are) sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." Brinegar v. United States, 1949, 338 U.S. 160, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879. Whether a particular search is reasonable must be determined by the facts and circumstances of each case. United States v. Rabinowitz, 1950, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653.

■ Mere information from a third party, however reliable, that a felony is being committed, without an effort to check its accuracy by personal observation, stakeout or surveillance, would of itself be insufficient to authorize either issuance of a warrant or a search without a warrant. Worthington v. United States, 6 Cir., 1948, 166 F.2d 557; United States v. Reynolds, D.C.D.C.1953, 111 F.Supp. 589; United States v. Clark, D.C.Mo.1939, 29 F.Supp. 138; see also Wisniewski v. United States, 6 Cir., 1931, 47 F.2d 825.

■ But it is not required that probable cause be established solely by facts within the personal knowledge of the arresting officer. The observed facts in themselves may be consistent with the suspect's innocence. United States v. Bianco, 3 Cir., 1951, 189 F.2d 716. A combination of information and personal knowledge, however, may raise the inference beyond opinion, suspicion and conjecture to reasonable probability. The evidence need not be sufficient for conviction. Brinegar v. United States, supra. Thus, in Husty v. United States, 1931, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629, probable cause was established by reliable information that defendant, a known liquor law violator, possessed liquor in an automobile of particular description and location; discovery of the automobile at the place indicated, with defendant in control; and the prompt attempt of two companions to escape when hailed by the police. In King v. United States, 9 Cir., 1924, 1 F.2d 931, officers received information defendant was engaged in the opium traffic, knew a certain boat had arrived and had reason to believe defendant was to receive a shipment; defendant's automobile was stopped on the highway where the police had stationed themselves when it approached in orderly manner at 4:00 A.M. with all curtains down. In White v. United States, 9 Cir., 1926, 16 F.2d 870, certiorari denied 274 U.S. 745, 47 S.Ct. 660, 71 L.Ed. 1326, one of the officers overheard the conversation of narcotic addicts that defendant sold narcotics and was expected to appear shortly; the arrest and search was made when defendant was seen walking in the direction of the house, with overcoat collar pulled up, hands in pockets, walking fast, turning around, and looking from side to side. In Leong Chong Wing v. United States, 9 Cir., 1938, 95 F.2d 903, police received information that defendant, who had previously been convicted of violating the narcotic laws and was a known associate of narcotic dealers, was to meet a man at a specified place for the purpose of making a sale and delivery of narcotics; on three prior occasions within a period of fifteen days, police had received information from the same source and observed defendant, while driving a car, meet the identical man and had seen the man enter defendant's car; the arrest and search was made on the fourth such occurrence. In United States v. Bianco, supra, defendant was seen to leave a known lottery center with two known lottery operators, check a large suitcase at an airport, and make arrangements to leave quickly; the arrest was made on information the suitcase contained lottery materials.

■ Here the arrest, search and seizure were based on more than mere information. The information received by the arresting officers was verified, insofar as it could be, by personal observation and found to be accurate in its particulars. The information received in this case was not general and vague such as that the automobile was being or had been used to transport narcotics, but was specific and detailed, that at least two named persons were going to leave Washington from a certain point and narcotics were to be transported by defendants from New York City, a known port of entry for narcotics, at that par-

ticular time in that particular automobile. All these facts were verified by the police before the arrest. Defendants were seen leaving at the specified place and at the specified hour; they were seen returning on the highway from Baltimore to Washington in the automobile travelling at high speed at the specified hour. To attempt to observe the transaction would have been fraught with danger, if not impossible; to wait to gather further personal knowledge would have permitted the contraband to be distributed, the distributors to escape, and the difficulties of detection immeasurably increased.

The Court is of opinion probable cause existed to support the arrests, searches and seizures. The motion to suppress evidence is accordingly denied.