**UNITED STATES of America**

v.

**Charles V. LABOVITZ.**

**No. E.B.D. 56-60-A.**

United States District Court
D. Massachusetts.

Dec. 27, 1956.

Anthony Julian, U. S. Atty., Daniel Needham, Jr., Asst. U. S. Atty., Boston, Mass., for plaintiff.

Hubert C. Thompson, Alfred Sigel, Boston, Mass., for defendant.

ALDRICH, District Judge.

This is a motion for the suppression and return of evidence under Fed.Rules Crim.Proc. rule 41(e), 18 U.S.C.A. The motion is a joint one brought by a corporation, two individuals who allegedly constitute all of its stockholders, and a third individual, alleged to be a corporate employee. The papers, books and records, etc. were taken by federal officials under a search warrant. It is alleged that the taking violated the Fourth and Fifth Amendments, and that the papers, etc. "are the private property of the parties herein." There is no allegation that each item belongs to all of the parties, jointly or otherwise, and the allegations as a whole suggest the contrary. There are no accompanying affidavits. The government moves that the parties be required to file affidavits identifying more specifically the ownership of the documents, and also the ownership or the possessory interests in the premises searched.

Rule 41 has no requirements as to affidavits. Rule 47 makes affidavits permissive. It is true that some courts have required affidavits. Cf. United States v. Stein, D.C.W.D.N.Y., 53 F.Supp. 911; United States v. Vomero, D.C.E.D.N.Y., 6 F.R.D. 275. There is much to be said for this practice, but I can not see the legal justification for it.

On the other hand this motion, so-called, is a separate proceeding, on which evidence must be taken. I think it should show affirmatively the basis for relief. Then the government will know what it has to meet, or may move to dismiss, if appropriate. Motion to be amended in ten days to state specifically the ownership interest in the documents and in the property searched.